16-CV-0465(WFK)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Delano Connolly,

Plaintiff,

-against-

City of New York, Joseph Cardieri, Paul
Savarese, Ian Sangenito, Alan Sputz, Susan
Starker and Fredda Monn,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS THE COMPLAINT

### ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-123
New York, New York 10007

*Of Counsel:*   Joseph Anci
*Tel:* (212) 356-1106

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

PROCEDURAL HISTORY .................................................................................... 4

STANDARD OF REVIEW .................................................................................... 4

ARGUMENT .......................................................................................................... 5

      POINT I ......................................................................................................... 5

          PLAINTIFF'S TITLE VII CLAIMS ARE BARRED, IN WHOLE OR IN PART, BY THE APPLICABLE STATUTE OF LIMITATIONS ..................................... 5

      POINT II ........................................................................................................ 8

          PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM FOR RETALIATION UNDER TITLE VII OF THE CITY HUMAN RIGHTS LAW ............................................. 8

      POINT III ....................................................................................................... 11

          PLAINTIFF'S § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS ........................................ 11

      POINT IV ....................................................................................................... 13

          PLAINITFF'S SECOND, SEVENTH, TENTH and FIFTEENTH CAUSES OF ACTION MUST BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF AN ACTION PREVIOUSLY FILED AND CURRENTLY PENDING IN NEW YORK STATE SUPREME COURT ........................................ 13

      POINT V ........................................................................................................ 15

          PLAINTIFF'S CHRL CLAIMS RELATING TO THE SS COMPLAINT MUST BE DISMISSED ................................................................. 15

CONCLUSION ....................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

AMTRAK v. Morgan,
   536 U.S. 101 (2002)................................................................6

Baldwin v Cablevision Sys. Corp.,
   65 A.D.3d 961 (1st Dept. 2009) ..........................................9

Bank v. Pentagroup Fin., LLC,
   08-CV-5293 (JG) (RML), 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9,
   2009)...................................................................................5

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007)...........................................................4, 5

BLT Rest. Group LLC v. Tourondel,
   855 F. Supp. 2d 4 (S.D.N.Y. 2012) ....................................2

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ...............................................2

Clark County Sch. Dist. v. Breeden,
   532 U.S. 268 (2001)............................................................9

Dittmer v. County of Suffolk,
   146 F.3d 113 (2d Cir. 1998) ...............................................13

Ferolito v. Menashi,
   918 F. Supp.2d 136 (E.D.N.Y. 2013) ................................13, 14

Hemans v. Long Island Jewish Med. Ctr.,
   No 10-CV-1158 (JFB)(AKT), 2010 U.S. Dist. LEXIS 115215 (E.D.N.Y. Oct.
   28, 2010)..............................................................................5

Hussein v. Hotel Emps. & Rest. Union,
   108 F. Supp. 2d 360 (S.D.N.Y. 2000) ...............................9

Kassner v. 2nd Ave. Delicatessen Inc.,
   496 F.3d 229 (2d Cir. 2007) ...............................................15

Kugler v. Donahoe,
   11-CV-648 (RRM), 2014 U.S. Dist. LEXIS 34588 (E.D.N.Y. Mar. 17, 2014).................9, 11

Lewis v. New York City Police Dep't,
   908 F. Supp. 2d 313 (E.D.N.Y. Nov. 9, 2012) ..................7

| **Cases** | **Pages** |
|---|---|

Mitchell v. Kugler,
07 CV 1801 (JG)(LB), 2009 U.S. Dist. LEXIS 4655 (E.D.N.Y. Jan. 23, 2009)......................5

Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,
460 U.S. 1 (1983)...............................................................................................................14

Ormiston v. Nelson,
117 F.3d 69 (2d Cir. 1997) .................................................................................................12

Patane v. Clark,
508 F.3d 106 (2d Cir. 2007) .................................................................................................8

Pearl v. City of Long Beach,
296 F.3d 76 (2d Cir. 2002) .................................................................................................12

Ragone v. Atlantic Video,
595 F.3d 115 (2d Cir. 2010) .................................................................................................6

Riddle v. Citigroup,
2016 U.S. App. LEXIS 3667 (2d Cir. Feb. 29, 2016) ..........................................................9

Singleton v. City of New York,
632 F.2d 185 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981)............................................11

Sletten v. LiquidHub, Inc.,
No. 13 Civ. 1146 (NRB), 2014 U.S. Dist. LEXIS 94697 (S.D.N.Y. July 10,
2014) ...................................................................................................................................8

Univ. of Tex. Sw. Med. v. Nassar,
133 S. Ct. 2517 (2013).........................................................................................................8

Vega v. Hempstead Union Free Sch. Dist.,
801 F.3d 72 (2d Cir. 2015) ...................................................................................................8

Village of Westfield v. Welch's,
170 F.3d 116 (2d Cir. 1999) ...............................................................................................13

**Statutes**

42 U.S.C. § 2000e-5(e)(1) ..........................................................................................................5

N.Y.C. Admin. Code § 8-502(d) ...............................................................................................15

N.Y. C.P.L.R. § 214(2)..............................................................................................................15

## PRELIMINARY STATEMENT

Plaintiff, an attorney with the New York City Administration for Children's Services ("ACS"), brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1983, and the New York City Human Rights Law ("CHRL"). Plaintiff claims that defendants discriminated against him based on his race (plaintiff self-identifies as being of British West Indian descent and ethnically Indian Asian) and gender (male). Plaintiff also claims that Defendants retaliated against him for filing a charge of discrimination with the EEOC on June 5, 2012.

Specifically, plaintiff alleges that Caucasian female attorneys receive preferential treatment, especially over minority male attorneys, with regard to the hiring and promotion of attorneys in the Family Court Legal Services Department ("FCLS"). Plaintiff also alleges that Caucasian supervisors engaged in romantic relationships with subordinates without consequence, while plaintiff was forced to transfer and answer "embarrassing" questions after he engaged in a relationship with a subordinate. Plaintiff also claims that after filing his June 5, 2012 EEOC charge, he was denied promotions and transfers in favor of less experienced attorneys, subjected to unfair treatment by supervisors, and has been "ostracized."

Defendants now move to dismiss certain of plaintiff's claims. First, alleged discriminatory conduct that occurred before August 10, 2011, and alleged retaliatory conduct that occurred before July 18, 2013, are time barred as none of these events occurred within the 300 day statute of limitations for the applicable EEOC charges. Second, plaintiff fails to plead a plausible claim for retaliation as he has not established a causal connection for his retaliation claims. Third, plaintiff's § 1983 claims are time barred as most, if not all, of the alleged § 1983 claims, accrued prior to January 28, 2013, three years before the commencement of the instant action. Forth, plaintiff's second, seventh, tenth and fifteenth causes of action are identical to the

causes of action asserted in plaintiff's 2013 action presently before the Supreme Court of the

State of New York and, therefore, this Court should abstain from hearing those claims. Finally,

plaintiff's CHRL discrimination that relate to the SS complaint are time barred as the statute of

limitations for those claims expired in October 2015.

Accordingly, for the reasons outlined below, defendants respectfully request that

the Court grant their partial motion to dismiss in its entirety.

### STATEMENT OF FACTS[1]

Plaintiff began work as an attorney for ACS in August 1999. See Complaint,

dated January 28, 2016 ("Compl."), annexed as Exhibit A to the Declaration of Senior Counsel

Joseph Anci, dated June 22, 2016 (hereinafter "Anci Aff.") at ¶ 20. Plaintiff alleges that "his

work performance and time and attendance have met or surpassed the reasonable and objective

expectations of ACS for an attorney of his position." Id. at ¶ 25. In April 2001, Plaintiff became

a "'Level 2' attorney." Id. at ¶ 22. In April 2005, Plaintiff became a "'Level 3' attorney," Id. at ¶

23. In 2006, plaintiff became a team leader and was "assigned to supervise the legal work of a

team of approximately six attorneys representing ACS in New York State Family Court." Id. at

¶ 24.

In or around June 2011, while working as an attorney at the Brooklyn Office of

ACS's Division of Family Court Legal Services ("FCLS"), Plaintiff "began a consensual

---

[1] For purposes of this motion to dismiss only, the facts set forth in the Complaint are taken to be true and the legal sufficiency of the complaint tested. Therefore, this statement of facts is drawn from the complaint and from public records. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (Court resolving motion to dismiss can consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); BLT Rest. Group LLC v. Tourondel, 855 F. Supp. 2d 4, 15 (S.D.N.Y. 2012). All references to "Exhibit" are to the exhibits annexed to the Declaration of Joseph Anci, dated June 22, 2016.

romantic relationship with a White, female co-worker, 'SS.'" Id. at ¶ 53.  SS was an attorney in FCLS and assigned to the same office as plaintiff, but she "was not on [P]laintiff's team and [P]laintiff did not supervise her." Id.

Plaintiff "began to distance himself from SS, largely because of her erratic behavior" in or about October 2011.  Id. at ¶ 54.  Plaintiff alleges that, after the relationship ended, SS filed a complaint of sexual harassment against plaintiff.  Id. at ¶¶ 65-67.  Plaintiff claims that "ACS, acting through the individual defendants, decided to use these charges to conduct a witch hunt of plaintiff, isolate and blacklist plaintiff, and to destroy plaintiff's reputation in the workplace." Id. at ¶ 71.

Plaintiff claims, that as a result, defendants transferred him from his supervisory position in the Brooklyn ACS FLCS office and transferred him to an allegedly inferior position in an ACS office in New York County."  Id. at ¶¶ 73-76.  Plaintiff alleges that Caucasian employees who also engaged in inappropriate sexual behavior did not receive the same scrutiny or changes to their job conditions as plaintiff.  Id. at ¶¶ 36-52.

On January 9, 2012, Plaintiff was advised that SS had filed a sexual harassment complaint against him.  Id. at ¶ 72. "In or about October, 2012" SS's complaint was determined to be unsubstantiated.  Id. at 102.

On June 5, 2012, plaintiff filed a complaint of employment discrimination with the EEOC.  Id. at ¶ 87.  In the Complaint, plaintiff states that, "subsequently, plaintiff filed charges of retaliation against the City." Id. at ¶ 88.

Plaintiff claims that after he filed his first EEOC charge, defendants began to retaliate against him by removing him from special projects and denying him opportunities for training and advancement.  Id. at ¶¶ 89-96.  Plaintiff alleges that defendants further retaliated

against him by refusing to return him to the Brooklyn office in 2012 (Id. at ¶¶ 97-103); filing additional disciplinary charges against him (Id. at ¶¶ 104-107, 109, 118, 128, 135); denying his requests for a transfer (Id. at ¶ 115); advising plaintiff's co-workers to avoid associating with him (Id. at 131); and demoting plaintiff (Id. at ¶¶ 128, 132). Further, plaintiff alleges that there were complaints against Caucasian female supervisors, some made by plaintiff, and none were referred for disciplinary action. Id. at ¶¶ 140-141. Plaintiff alleges that as a result of these acts, his reputation has been "destroyed" and his career has been derailed. Id. at 142.

## PROCEDURAL HISTORY

On or about April 8, 2013, plaintiff, by the same attorneys representing him in the instant action, filed a Complaint in the Supreme Court of the State of New York, County of Kings, under Index Number 501761/2013 against the City of New York, Paul Savarese and John Does 1-10. Plaintiff amended that complaint on November 22, 2013 (hereinafter, the "State Complaint,")(See Exhibit B). The State Complaint brings the same allegations, New York City Human Rights Law claims of discrimination on account of sex, race, ethnicity and skin color, as the second, seventh, tenth and fifteenth causes of action in the Complaint in the instant case.

On or about January 28, 2016, plaintiff initiated this action. Defendant City of New York was served on February 1, 2016. The individual defendants were served on April 7, 2016. A pre-motion conference was held on April 27, 2016, and defendants now bring this partial motion to dismiss the Complaint.

## STANDARD OF REVIEW

In deciding a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level…The pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), (quoting Wright & Miller, Federal Practice and

Procedure § 1216, pp. 235-36 (3d ed. 2004)).  A pleading must contain sufficient facts to state a claim that is not merely conceivable but *plausible*, and that "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The plaintiff is not entitled to relief where the pleading suggests "the mere possibility of misconduct." Id.  As such, the Twombly plausibility standard "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Mitchell v. Kugler, 07 CV 1801 (JG)(LB), 2009 U.S. Dist. LEXIS 4655, *13-15 (E.D.N.Y. Jan. 23, 2009) (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly)) (italics omitted).  District courts in the Second Circuit have construed Twombly to mean that a plaintiff is no longer "entitled to unlimited favorable inferences at the motion to dismiss stage." Bank v. Pentagroup Fin., LLC, 08-CV-5293 (JG) (RML), 2009 U.S. Dist. LEXIS 47985 (E.D.N.Y. June 9, 2009).

## ARGUMENT

### POINT I

### PLAINTIFF'S TITLE VII CLAIMS ARE BARRED, IN WHOLE OR IN PART, BY THE APPLICABLE STATUTE OF LIMITATIONS

In New York, a plaintiff seeking to bring suit pursuant to Title VII must first file an administrative charge with the EEOC or equivalent local agency "within three hundred days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1) (Title VII).  "The [300-day] period begins to run for each discrete discriminatory or retaliatory act when each act occurs." Hemans v. Long Island Jewish Med. Ctr., No 10-CV-1158 (JFB)(AKT), 2010 U.S. Dist. LEXIS 115215, at *13 (E.D.N.Y. Oct. 28, 2010).  Thus, claims regarding acts that occurred more than three hundred days prior to the employee's filing a charge of

discrimination with the EEOC are time-barred.  See Ragone v. Atlantic Video, 595 F.3d 115, 126 (2d Cir. 2010).  Alleged discrete discriminatory acts, such as individual allegations of "failure to promote," that are timely plead do not preserve otherwise untimely acts, notwithstanding the fact that "they are related to acts alleged in timely filed charges."  AMTRAK v. Morgan, 536 U.S. 101, 113 (2002) (holding that the continuing violation doctrine does not apply where alleged discrimination consists of discrete acts, such as "termination, failure to promote, denial of transfer, or refusal to hire," each of which "starts a new clock for filing charges alleging that act").

Plaintiff filed two charges with the EEOC relating to this action, the first was filed on June 5, 2012 (See Compl. ¶ 87)(the "First Charge"), and a second on May 14, 2014 (the "Second Charge").  Plaintiff describes the First Charge as one of employment discrimination and the Second Charge as one of retaliation. See Comp. ¶¶ 87-88.

Accordingly, to the extent Plaintiff alleges discrete discriminatory and/or retaliatory acts occurring prior to July 18, 2013, 300 days prior to the filing of the Second Charge, his claims are barred pursuant to Title VII and because they fall outside the 300-day statutory time period to bring such claims.

A.     Time Barred Allegations of Discrimination

Any alleged discriminatory acts occurring prior to August 10, 2011, are outside the 300 day statute of limitations that applies to plaintiff's First Charge and are time barred.. See Ragone v. Atlantic Video, 595 F.3d at 126.  Included in this list of alleged discrimination are:

- Not receiving a promotion between 2005 and 2011 (See Compl. ¶ 30);

- A female attorney being promoted to Level 4 Attorney over plaintiff on an unspecified date in 2011 (See Compl. ¶ 31);

- Savarese allegedly not taking action on plaintiff's complaints about co-workers in 2008 and 2009 (<u>See</u> Compl. ¶¶ 43, 44).

B.      Time Barred Allegations of Retaliation

In his Complaint, plaintiff identifies numerous instances of alleged retaliatory conduct that occurred prior to July 18, 2013 and are time barred. <u>See</u> Compl. ¶¶ 89-96, 100-103; <u>See Lewis v. New York City Police Dep't</u>, 908 F. Supp. 2d 313, 324 (E.D.N.Y. Nov. 9, 2012) (claims of discrimination that accrued 300 days prior to the filing of a second EEOC charge were untimely, even where the claims were for retaliation after the filing of a first EEOC charge). Included in this list of alleged wrongful acts are:

- Removal from special projects and denial of opportunities for training and advancement between July 2012 and October 2012 (<u>See</u> Compl. ¶¶ 89, 90);

- Denial of a transfer in August 2012 (<u>See</u> Compl. ¶ 91);

- Denial of promotions to Agency Attorney Level 4 in August 2012, November 26, 2012, December 5, 2012, January 13, 2013 and February 7, 2013 (<u>See</u> Compl. ¶¶ 92-95);

- Denial of plaintiff's request to return to the Brooklyn FCLS office in August 2012 (<u>See</u> Compl. ¶¶ 100-101);

- Not returning plaintiff to the Brooklyn FCLS office until April 8, 2013 (<u>See</u> Compl. ¶ 103)

Consequently, inasmuch as Plaintiff bases his Title VII claims on alleged conduct that occurred before August 10, 2011, or alleged retaliatory conduct that occurred before July 18,

2013, his claims are barred by the applicable statute of limitations, and those portions of the Complaint must be dismissed as untimely.

## POINT II

### PLAINTIFF FAILS TO PLEAD A PLAUSIBLE CLAIM FOR RETALIATION UNDER TITLE VII OF THE CITY HUMAN RIGHTS LAW

To state a plausible claim for retaliation in violation of Title VII, "a plaintiff must plead facts that would tend to show that: (1) []he participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there exists a causal connection between the protected activity and the adverse action." Patane v. Clark, 508 F.3d 106, 115 (2d Cir. 2007). The Supreme Court clarified that the third element of a prima facie retaliation case requires that a plaintiff do more than merely assert that a protected activity played some role in an adverse employment action suffered. Univ. of Tex. Sw. Med. v. Nassar, 133 S. Ct. 2517, 2534 (2013). Rather, a plaintiff must establish that the protected activity was the "but-for" cause of the challenged employment action. See id.

"The elements of retaliation under the NYCHRL differ only in that the plaintiff need not prove any adverse employment action; instead, he must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity." Sletten v. LiquidHub, Inc., No. 13 Civ. 1146 (NRB), 2014 U.S. Dist. LEXIS 94697, at *13 (S.D.N.Y. July 10, 2014) (citing Mayers v. Emigrant Bancorp, Inc., 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011)).

Here, the only arguably protected activity alleged by Plaintiff pertains to his complaints to the EEOC on June 5, 2012 and May 14, 2014. (See Compl., ¶ 87.) However, a retaliation claim must be supported by factual allegations indicating that the complained of actions were taken in response to protected activity.  See Vega v. Hempstead Union Free Sch.

Dist., 801 F.3d 72, 91 (2d Cir. 2015) ("Retaliation occurs when an employer takes action against an employee not because of his ethnicity, but because he engaged in protected activity complaining about or otherwise opposing discrimination."). Here, plaintiff has identified no facts that would indicate any causal connection to any protected activity.

Nor can plaintiff establish any temporal proximity to support a causal connection. Temporal proximity between protected activity and an alleged adverse employment action can infer a causal connection, however, the alleged adverse act must follow the protected activity closely in time. See Riddle v. Citigroup, 2016 U.S. App. LEXIS 3667 at *3 (2d Cir. Feb. 29, 2016).

While a plaintiff may rely on temporal proximity between an employer's knowledge of a protected activity and an adverse employment action, the cases "uniformly hold that the temporal proximity must be 'very close.'" Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); see, e.g., Hussein v. Hotel Emps. & Rest. Union, 108 F. Supp. 2d 360, 367 (S.D.N.Y. 2000) ("the passage of more than two months defeats any retaliatory nexus."). Courts have held that much smaller passages of time have been insufficient to satisfy temporal proximity and establish a causal connection. See Kugler v. Donahoe, 11-CV-648 (RRM), 2014 U.S. Dist. LEXIS 34588, at *26-27 (E.D.N.Y. Mar. 17, 2014)(For a Title VII retaliation claim "a passage of two months between the protected activity and the adverse employment action defeats any inference of a causal relationship between the two activities"); see also Baldwin v Cablevision Sys. Corp., 65 A.D.3d 961, 967 (1st Dept. 2009)(plaintiff's CHRL retaliation claim was properly dismissed and a four month gap between the protected activity and adverse employment action was not "temporally proximate enough" to satisfy causation.)

Here, plaintiff has not properly pled alleged retaliatory acts that would demonstrate temporal proximity.  Instead, plaintiff provides vague dates for most of the alleged retaliatory acts that occurred months, and some occurring more than a year, after the filing of his June 5, 2012 EEOC charge.  These include:

- Removal from special projects and denial of opportunities for training and advancement between July 2012 and October 2012 (See Compl. ¶¶ 89, 90)[2];

- Denial of a transfer in August 2012 (See Compl. ¶ 91);

- Denial of plaintiff's request to return to the Brooklyn FCLS office in August 2012 (See Compl. ¶¶ 100-101);

- Denial of promotions to Agency Attorney Level 4 in August 2012, November 26, 2012, December 5, 2012, January 13, 2013 and February 7, 2013 (See Compl. ¶¶ 92-95);

- Not returning plaintiff to the Brooklyn FCLS office until April 8, 2013 (See Compl. ¶ 103);

- Receiving a "good" evaluation in September 2013 and receiving criticism in that evaluation (See Compl. ¶ 111);

- An October 2013 evaluation criticizing plaintiff's "tone" (See Compl. ¶ 112);

---

[2] Defendants submit that any alleged acts referenced in this paragraph of the Complaint that occurred from August 2012 forward cannot demonstrate temporal proximity under Title VII.

- A supervising attorney's alleged failure to forward plaintiff's January 2014 complaint about his supervisor to "ACS ELU" (See Compl. ¶¶ 115, 116)

- An undated allegation that plaintiff's supervisor served plaintiff with a "disciplinary memorandum" for an incident that occurred in February 2014 (See Compl. ¶¶ 117, 118)

- An undated allegation that defendants Sangenito, Starker, Sputz, and Cardeiri failed to include "exculpatory and exonerating statements" in the "disciplinary memorandum" and failed to correct the omission of these statements (See Compl. ¶¶ 121, 123)

Most of the alleged retaliatory acts alleged by plaintiff occurred from two months to nineteen months after plaintiff filed the First Charge. This is insufficient to demonstrate a temporal proximity between the protected activity and any alleged adverse employment action. See Kugler v. Donahoe, 2014 U.S. Dist. LEXIS 34588, at *26-27.

Accordingly, Plaintiff cannot establish a causal connection between the defendants' knowledge of his alleged participation in a protect activity and any adverse employment action and, therefore, his Title VII and CHRL retaliation claims must be dismissed.

## POINT III

### PLAINTIFF'S § 1983 CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

A § 1983 claim accrues at the time the plaintiff knows or has reason to know of the injury which is the basis of his action. Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981). For § 1983 actions, "the applicable limitations

period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'" Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)) (alterations in original). New York's three-year statute of limitations for unspecified personal injury actions applies to claims under § 1983. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002).

In the instant matter, plaintiff asserts § 1983 claims against all individual defendants based on the handling of the SS complaint of sexual harassment. See Comp. ¶¶143-157. According to the Complaint, the investigation into the SS complaint concluded in October 2012. See Comp. ¶ 102. Therefore, any § 1983 claim had to have been brought no later than October 2015, three years after the accrual of said claims relating to the investigation of the SS complaint.

Plaintiff uses vague terms and fails to identify the actual dates of defendants' alleged acts. However, in his discussion of the facts supporting his § 1983 claims, plaintiff mentions the following: allegedly inflating the SS complaint of sexual harassment against plaintiff to a formal complaint; removing plaintiff from the Brooklyn FCLS office, demoting plaintiff during the pendency of the investigation into the SS complaint; and suppressing facts or evidence that were favorable to plaintiff. See Comp. ¶¶ 143-157. Additionally, in the Complaint plaintiff alleges that as a result of the SS complaint, plaintiff was transferred out of the Brooklyn FCLS office on January 10, 2012 (See Compl. ¶¶ 72-73); and plaintiff was allegedly demoted in January 2012 (See Compl. ¶¶ 75-76). The SS complaint of sexual harassment was determined to be unsubstantiated, and thus the matter was closed, in October 2012 (See Compl. ¶ 102).

According to the Complaint, all of these acts occurred before January 28, 2013, which is three years prior to the date the instant action was filed. Accordingly, plaintiff has not

identified any acts in his complaint that occurred within the three year statute of limitations for a

§ 1983 claim.  Accordingly, plaintiff's § 1983 claims should be dismissed against all defendants.

**POINT IV**

> **PLAINITFF'S SECOND, SEVENTH, TENTH AND FIFTEENTH   CAUSES OF ACTION MUST BE DISMISSED BECAUSE THEY ARE DUPLICATIVE OF AN ACTION PREVIOUSLY FILED AND CURRENTLY PENDING IN NEW YORK STATE SUPREME COURT**

Although "federal courts have a virtually unflagging obligation to exercise their

jurisdiction," Village of Westfield v. Welch's, 170 F.3d 116, 120 (2d Cir. 1999) (citations and

quotations omitted), abstention is proper when "the parties are contemporaneously litigating the

same issue in another forum."   Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998)

(quotation omitted). In such circumstances, abstention  fosters  "wise  judicial  administration,

giving  regard  to  conservation  of  judicial  resources  and  comprehensive  disposition  of

litigation."   Colorado  River,  424  U.S.  at  817 (quotation omitted).

The  first  step  in  deciding  whether  abstention  is  appropriate  is  to  determine

whether the federal and state court cases are "parallel." Dittmer, 146 F.3d at 118.  Federal and

state  lawsuits  are  "parallel"  when  "substantially  the  same  parties  are  contemporaneously

litigating substantially the same issues in different forums." Ferolito v. Menashi, 918 F. Supp.2d

136,  141  (E.D.N.Y.  2013)  (citation  and  internal  quotation  marks  omitted).   "Where  parallel

proceedings exist, a court determines whether to abstain by considering the following factors…:

(1)  whether  either  court  has  exercised jurisdiction over a  res  or  property; (2)  the  relative

convenience  of  the  forums;  (3)  the  order  in  which  jurisdiction  was  obtained;  (4)  whether

piecemeal litigation may be avoided by abstention; (5) whether state or federal law applies to

disposition  of  the  claims;  and  (6)  the  ability  of  the  state  court  to  protect  the  rights  of  a  federal

- 13 -

plaintiff.  Id. at 142 (citations omitted).  Though the balance of the factors must be "heavily weighted in favor of the exercise of jurisdiction," Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983), "[n]o single factor is determinative, and the decision whether to abstain is left to the trial court's sound discretion." Ferolito, 918 F. Supp. 2d at 142.

Here, plaintiff has filed two lawsuits with identical claims based on the same issues of fact in two separate forums – New York State Supreme Court and the United States District Court for the Eastern District of New York.  The both complaints name the City of New York and Paul Savarese as defendants, the sole difference being that the state complaint names "John Does 1-20" while the instant action names five additional individual defendants.

The claims are identical in every respect save the forum in which they were filed.  In the State complaint, plaintiff alleges claims of discrimination based on his sex, race, ethnicity and skin color pursuant to the CHRL[3].  See Exhibit B at ¶¶ 56, 57.  In the instant action, plaintiff's second, seventh, tenth and fifteenth causes of action allege that the defendants "discriminated against plaintiff in the terms and conditions of employment in violation of the New York City Human Rights Law." See Comp. ¶¶ 162, 167, 170, 175.

Accordingly, defendant respectfully contends that the State Complaint and the Federal Complaint are parallel for purposes of abstention.  Defendant also contends that a weighing of the six factors set forth above weighs in favor of abstention. While the first and perhaps second factors likely weigh in favor of this Court retaining jurisdiction – there is no jurisdiction over a res or property, and, arguably, there is no issue of convenience for either the state or federal venue.  However, the third, fourth, fifth, and sixth factors weigh in favor of abstention.  The plaintiff first sought relief in the state court three years before bringing these

---

[3] While plaintiff only alleges causes of action for discrimination in his state complaint, he mentions retaliation in the body of the complaint.  See Exhibit B at ¶ 37.

same claims in federal court.   Second, by abstaining, the Court would avoid the problems associated with piecemeal litigation. Allowing this federal action to continue would burden the parties with duplicative discovery, and result in a waste of the Court's time and resources, as whichever lawsuit concludes first would have a preclusive effect on the other, resulting in an unproductive race to *res judicata*.   Third, the second, seventh, tenth and fifteenth causes of action are purely governed by state law.   Finally, the sixth factor is not at issue here.   Accordingly, for these foregoing reasons, the factors weigh in favor of abstention and this Court should abstain from exercising its jurisdiction over plaintiff's second and fourth causes of action, and these causes of action should be dismissed.

### POINT V

### PLAINTIFF'S CHRL CLAIMS RELATING TO
### THE SS COMPLAINT MUST BE DISMISSED

Claims under the CHRL are subject to a three-year statute of limitations from the date that the claims accrue. N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d); <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 238 (2d Cir. 2007) ("claims under the…NYCHRL are time-barred unless filed within three years of the alleged discriminatory acts").

As discussed in Point IV, above, plaintiff's claims relating to the SS complaint accrued on or before October 2012.  <u>See</u> Comp. ¶¶ 72-73, 75-76, 102.    The statute of limitations on plaintiff's discrimination claims relating to the SS complaint expired in October 2015, at least three months prior to the commencement of the instant action. Accordingly, plaintiff's CHRL claims relating to the SS complaint are untimely and should be dismissed.

## CONCLUSION

For the foregoing reasons, defendants respectfully requests that their partial motion to dismiss the complaint with prejudice be granted, that the portions of plaintiff's Complaint relevant to this motion be dismissed with prejudice, that judgment be entered for defendants on plaintiff's claims relevant to this motion, and that defendants be granted costs, fees, and expenses together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           June 22, 2016

                       **ZACHARY W. CARTER**
                       Corporation Counsel of the
                          City of New York
                       Attorney for the Defendants
                       100 Church Street, Room 2-123
                       New York, New York 10007
                       (212) 356-1106
                       janci@law.nyc.gov

By:              /s/
                Joseph Anci
                Senior Counsel