16-CV-00465 (WFK) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DELANO CONNOLLY,

Plaintiff,

-against-

THE CITY OF NEW YORK, JOSEPH CARDIERI,
PAUL SAVARESE, IAN SANGENITO, ALAN SPUTZ,
SUSAN STARKER and FREDDA MONN,

Defendants.

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-140*
*New York, N.Y.  10007-2601*

*Of Counsel:  Eric Murrell*
*Tel:  (212) 356-4083*
*Matter No.:  2016-003343*

Bruce Rosenbaum,
Eric Murrell,
 Of Counsel.

**Served On September 30, 2016**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT

      POINT I

             PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED, IN WHOLE OR IN PART ....................................... 2

      POINT II

             PLAINTIFF FAILS TO PLAUSIBLY PLEAD RETALIATION ................................................................... 3

      POINT III

             PLAINTIFF'S § 1983 CLAIMS ACCRUING BEFORE JANUARY 28, 2013 ARE TIME-BARRED .................................................................................. 6

      POINT IV

             PLAINTIFF'S SECOND, FOURTH, SEVENTH, EIGHTH, TENTH, TWELFTH, FIFTEENTH AND SIXTEENTH CAUSES OF ACTION MUST BE DISMISSED ........................................................................ 7

      POINT V

             PLAINTIFF'S CHRL CLAIMS RELATING TO THE COMPLAINT OF STACY SCHECTER ("SS") MUST BE DISMISSED ................................................. 9

CONCLUSION ....................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                          **Pages**

Abe v. N.Y. Univ.,
    No. 14-cv-9323 (RJS),
    2016 U.S. Dist. LEXIS 43611 (S.D.N.Y. Mar. 30, 2016) .................................................7, 8, 9

AMTRAK v. Morgan,
    536 U.S. 101 (2002) ...................................................................................................3

Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv.,
    2011 U.S. Dist. LEXIS 133930 (S.D.N.Y. Nov. 21, 2011) ....................................4, 5

Baldwin v. Cablevision Sys. Corp.,
    65 A.D.3d 961 (1st Dep't 2009),
    lv. den., 14 N.Y.3d 701 (2010) ...............................................................................3

Baroor v. New York City Dep't of Educ.,
    362 F. App'x 157 (2d Cir. 2010) ...............................................................................2

Brown v. City of New York,
    622 Fed. Appx. 19 (2d Cir. 2015) ............................................................................3

Burlington Northern and Santa Fe Ry. Co. v. White,
    548 U.S. 53 (2006) ....................................................................................................4

Butts v. New York Dep't of Hous. Preservation & Dev.,
    990 F.2d 1397 (2d Cir. 1993) ...................................................................................2

Chin v. New York City Hous. Auth.,
    106 A.D.3d 443 (1st Dep't 2013),
    lv. den., 22 N.Y.3d 861 (2014) ...............................................................................5

Clark County Sch. Dist. v. Breeden,
    532 U.S. 268 (2001)...............................................................................................4, 6

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976)...........................................................................................7, 8, 9

Deshpande v. Medisys Health Network, Inc.,
    2010 U.S. Dist. LEXIS 37891 (E.D.N.Y. Apr. 16, 2010)
    aff'd 423 Fed. Appx. 31 (2d Cir. 2011) ...................................................................9

Dortch v. New York City Dep't of Educ.,
    2016 U.S. Dist. LEXIS 39646 (E.D.N.Y. Mar. 23, 2016)
    Adopted by, Summary judgment granted by
    2016 U.S. Dist. LEXIS 60371 (E.D.N.Y. May 3, 2016) ..........................................3

**Cases**                                                                         **Pages**

Edwards v. Elmhurst Hosp. Ctr.,
    2013 U.S. Dist. LEXIS 32571 (E.D.N.Y. Feb. 4, 2013)
    adopted by, complaint dismissed,
    2013 U.S. Dist. LEXIS 31790 (E.D.N.Y. Mar. 6, 2013)..........................................................6

Geneste v. Agma, Inc.,
    2014 U.S. Dist. LEXIS 153027 (E.D.N.Y. Oct. 29, 2014).......................................................2

Harris v. N.Y. State Dep't of Health,
    202 F. Supp. 2d 143 (S.D.N.Y. 2002) ....................................................................................9

Kercado-Clymer v. City of Amsterdam,
    2010 U.S. App. LEXIS 6129 (2d. Cir. Mar. 25, 2010)...........................................................8

Lilly v. Town of Lewiston,
    582 Fed. Appx. 55 (2d Cir. 2014) ..........................................................................................6

Magnusson v. County of Suffolk,
    2016 U.S. Dist. LEXIS 64897 (E.D.N.Y. May 17, 2016) .......................................................5

Melman v. Montefiore Med. Ctr.,
    98 A.D.3d 107 (1st Dep't 2012) ........................................................................................4, 6

Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,
    460 U.S. 1 (1983)....................................................................................................................8

Placide-Eugene v. Visiting Nurse Serv. of N.Y.,
    86 F. Supp. 3d 132 (E.D.N.Y. 2015) .....................................................................................6

Taylor v. City of New York,
    2016 U.S. Dist. LEXIS 124289 (S.D.N.Y. Sept. 13, 2016).....................................................9

Univ. of Texas Southwestern Medical Center v. Nassar,
    133 S. Ct. 2517 [2013]...........................................................................................................5

Williams v. New York City Hous. Auth.,
    61 A.D.3d 62 (1st Dep't 2009),
    lv. den., 13 N.Y.3d 702 (2009) ..............................................................................................8

Wright v. Monroe Cmty. Hosp.,
    2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. July 28, 2011),
    aff'd, 493 F. App'x 233 (2d Cir. 2012) ..................................................................................5

**Statutes** <span style="float:right">**Pages**</span>

42 U.S.C. § 1983.................................................................................................1, 6, 7, 8, 9

42 U.S.C. §§ 2000e, *et seq*.....................................................................................................1

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1

N.Y.C. Admin. Code §§ 8-101, *et seq*...................................................................................1

N.Y.C. Admin. Code §§ 8-107(7)(v) ......................................................................................5

N.Y.C. Admin. Code § 8-502(d) ...........................................................................................10

N.Y.C. Admin. Code § 502(d) ...............................................................................................10

N.Y. Executive Law § 296 ......................................................................................................7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

DELANO CONNOLLY,

                                         Plaintiff,

          -against-

THE CITY OF NEW YORK, JOSEPH CARDIERI, PAUL          16-CV-00465 (WFK) (VMS)
SAVARESE, IAN SANGENITO, ALAN SPUTZ, SUSAN
STARKER and FREDDA MONN,

                                         Defendants.
-------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Plaintiff alleges that he was subjected to racial and gender discrimination as well as retaliated against in violation of Title VII of the Civil Rights Act of 1964 – 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1983 ("§ 1983") and the New York City Human Rights Law – New York City Administrative Code §§ 8-101, *et seq.* ("CHRL").  On June 22, 2016, Defendants served their partial motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  On September 1, 2016, plaintiff served his opposing Memorandum of Law ("Pltf's MOL").  For the reasons set forth below plaintiff's arguments in opposition are unavailing.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S TITLE VII CLAIMS ARE
TIME-BARRED, IN WHOLE OR IN PART**

In opposition to Defendants' contention that plaintiff's disparate treatment claims under Title VII accruing before August 10, 2011 and his Title VII retaliation claims accruing before July 18, 2013 are time-barred, plaintiff cites <u>Butts v. New York Dep't of Hous. Preservation & Dev.</u>, 990 F.2d 1397 (2d Cir. 1993) and <u>Geneste v. Agma, Inc.</u>, 2014 U.S. Dist. LEXIS 153027 (E.D.N.Y. Oct. 29, 2014). However, both of these cases deal not with the timeliness of a Title VII claim but rather whether alleged discriminatory acts not contained in an EEOC charge or occurring after the filing of an EEOC charge may be considered by the Court as an exception the statutory exhaustion requirement under Title VII.

Plaintiff does not refute Defendants' argument that certain of plaintiff's Title VII claims are barred by the statute of limitations. A Title VII employment discrimination claim must be filed with the EEOC within 300 days of the alleged unlawful practice. <u>See</u> <u>Baroor v. New York City Dep't of Educ.</u>, 362 F. App'x 157, 159 (2d Cir. 2010) (summary order). According to ¶ 87 of the Complaint (Dkt. # 1), plaintiff filed an EEOC Charge on June 5, 2012. Defendants note, however, that plaintiff's 2012 EEOC charge was actually dated June 26, 2012. <u>See</u> **Exhibit A** annexed to the Reply Declaration of Eric Murrell dated September 30, 2016 ("Murrell Decl."). Although defendants alleged in their moving papers that plaintiff filed another EEOC Charge on May 14, 2014, that charge was actually dated September 16, 2014. <u>See</u> **Exhibit B** annexed to Murrell Decl. Therefore, any discriminatory acts which predate August 31, 2011 (not August 10, 2011 as previously argued) and any retaliatory acts which predate November 20, 2013 (not July 18, 2013 as previously argued) are time-barred. More

specifically, ¶¶ 30-31, 43-44, 89-96 and 100-103 of the Complaint contain time-barred allegations of discrete acts like failure to promote, denial of a transfer and refusal to hire which constitute separate actionable "unlawful employment practice[s]" that are untimely filed and not actionable. AMTRAK v. Morgan, 536 U.S. 101, 114 (2002).

## POINT II

### PLAINTIFF FAILS TO PLAUSIBLY PLEAD RETALIATION

Notwithstanding the case law relied on in Pltf's MOL regarding temporal proximity under Title VII, the United States Court of Appeals for the Second Circuit ("Second Circuit) has cited with approval district court decisions finding that "[t]he passage of even two or three months is sufficient to negate any inference of causation when no other basis to infer retaliation is alleged." Brown v. City of New York, 622 Fed. Appx. 19, 20 (2d Cir. 2015); Dortch v. New York City Dep't of Educ., 2016 U.S. Dist. LEXIS 39646, *22 (E.D.N.Y. Mar. 23, 2016) Adopted by, Summary judgment granted by 2016 U.S. Dist. LEXIS 60371 (E.D.N.Y. May 3, 2016).  With regard to the CHRL, the passage of four months was sufficient to negate any inference of causation when no other basis to infer retaliation is alleged. Baldwin v. Cablevision Sys. Corp., 65 A.D.3d 961, 967 (1st Dep't 2009), lv. den., 14 N.Y.3d 701 (2010).  Since plaintiff filed his first EEOC charge on June 26, 2012 (see **Exhibit A**), any alleged retaliatory act occurring more than two to four months after June 26, 2012 is too remote to support an inference of causation based on temporal proximity alone, even on a motion to dismiss; more specifically, those alleged acts would include those set forth in ¶¶ 90, 92-97 and 102-142 of the Complaint.

In addition, where an employer merely continues a course of conduct that had begun before the employee's protected activity, it does not constitute retaliation because in that situation, there is no causal connection between the employee's protected activity and the

employer's challenged conduct. See Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 129 (1st Dep't 2012) citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 272 (2001). In this case, plaintiff was allegedly subjected to improper discipline, harassment by coworkers and superiors, disparate treatment, improper denial of a promotion and training along with improper transfers. See ¶¶ 89-142 of the Complaint. However, in plaintiff's 2012 EEOC Charge (**Exhibit A**), the plaintiff's allegations in support of his disparate treatment, retaliation and hostile work environment allegations are similar to the claims being asserted in this action. It cannot be said that the conduct alleged in ¶¶ 89-142 of plaintiff's Complaint is retaliatory because they mirror the allegations made in the plaintiff's 2012 EEOC Charge (**Exhibit A**). Compare **Exhibit A** with the Complaint at ¶¶ 89-142.

Furthermore, although in Plaintiff's MOL, plaintiff cites ¶ 109 of the Complaint as an example of a sufficient allegation in support of plaintiff's Title VII and CHRL retaliation claims, it is too non-specific to support a retaliation claim. Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv., 2011 U.S. Dist. LEXIS 133930, at *6 (S.D.N.Y. Nov. 21, 2011) (finding that "generalized 'harassment, bullying, intimidations, and stalking' . . . after filing [a complaint] are too non-specific to support a retaliation claim" [alterations omitted]).

The U.S. Supreme Court defined "adverse employment action" in the context of a retaliation claim as one that a reasonable employee would find "materially adverse," meaning that "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). "Material adversity must be the focus in determining whether an adverse employment action has occurred because it is important to separate significant from trivial harms." Burlington, 548 U.S.

at 68.  Under the CHRL, plaintiff must plead that the challenged action was "reasonably likely to deter a person from engaging in protected activity."  N.Y.C. Admin. Code § 8-107(7)(v).

"Employee investigations, unwanted scrutiny from supervisors, and negative performance evaluations without attendant negative results or deprivation of position/opportunity, do not sufficiently constitute adverse employment actions."  Wright v. Monroe Cmty. Hosp., 2011 U.S. Dist. LEXIS 82809, at *7 (W.D.N.Y. July 28, 2011), aff'd, 493 F. App'x 233 (2d Cir. 2012); see Magnusson v. County of Suffolk, 2016 U.S. Dist. LEXIS 64897, *38-39 (E.D.N.Y. May 17, 2016).  Under the CHRL, "being yelled at, subjected to the occasional offensive remark and excessive scrutiny do not constitute actions reasonably likely to deter a person from engaging in protected activity."  Chin v. New York City Hous. Auth., 106 A.D.3d 443, 444 (1st Dep't 2013), lv. den., 22 N.Y.3d 861 (2014).

Plaintiff's Complaint fails to allege the requisite negative results or deprivation of position/opportunity (i.e. demotion, pay reduction, suspension or even a suspension during the pendency of a disciplinary investigation).  See Compl. at ¶¶ 89, 91-127, 130-134 and 139-142.  Furthermore, other allegations in the Complaint which do allude to a demotion and deprivation of opportunity did not provide the requisite specificity.  See Compl. at ¶¶ 90 and 128-129; see generally Baez, 2011 U.S. Dist. LEXIS 133930, at *6 (S.D.N.Y. Nov. 21, 2011).

"Retaliation claims must be proved according to traditional principles of but-for causation...This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrong action or actions of the employer."  Magnusson, 2016 U.S. Dist. LEXIS 64897, *35 (citing Univ. of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517, 2533 [2013]).  Plaintiff cites his 60-day suspension as an example of retaliation (see Compl. at ¶¶ 135-138).  However, he did not sufficiently allege that the 60-day suspension and

the disciplinary charges which preceded the suspension would not have occurred in the absence of retaliation.  Even if plaintiff did, such allegations would be belied by the conduct plaintiff engaged in that justified the suspension.  See Exhibit C; Edwards v. Elmhurst Hosp. Ctr., 2013 U.S. Dist. LEXIS 32571, *13 (E.D.N.Y. Feb. 4, 2013) (allegations contradicted by documents incorporated by reference in a complaint are insufficient to defeat a motion to dismiss) adopted by, complaint dismissed, 2013 U.S. Dist. LEXIS 31790 (E.D.N.Y. Mar. 6, 2013).

Moreover, causation cannot be established when there is an intervening event between the protected activity and the adverse employment action.  Placide-Eugene v. Visiting Nurse Serv. of N.Y., 86 F. Supp. 3d 132, 150 (E.D.N.Y. 2015).  Here that would be February 5, 2014, the day a non-party filed a complaint against the plaintiff with his supervisors resulting in the charges and specifications followed by the plaintiff's 60-day suspension.  See Exhibit C annexed to the Murrell Decl. at page 2.  It should also be noted that because the non-party complaint predated the filing of plaintiff's second EEOC Charge on September 16, 2014 (see Exhibit B); no causal connection can be inferred between plaintiff's second EEOC charge and the 60-day suspension.  Melman, 98 A.D.3d at 129.  Lastly, the almost two-year gap between plaintiff's first EEOC Charge (June 26, 2012) and when the charges and specifications that resulted in plaintiff's 60-day suspension were filed (September 16, 2014) is too attenuated to be actionable.  Clark, 532 U.S. at 273-74.

## POINT III

### PLAINTIFF'S § 1983 CLAIMS ACCRUING BEFORE JANUARY 28, 2013 ARE TIME-BARRED

In § 1983 actions, the applicable limitations period is three years.  Lilly v. Town of Lewiston, 582 Fed. Appx. 55, 56 (2d Cir. 2014).  Plaintiff concedes in his MOL that all of his § 1983 claims, which are pleaded only against the individually named defendants, that accrued

more than three (3) years prior to the date he filed his Complaint (*i.e.* earlier than January 28, 2013) are time-barred (see Pltf's MOL at page 8).  Thus, any § 1983 claims that accrued prior to January 28, 2013 are time-barred.  This would include the allegations set forth in ¶¶ 30-31, 43-44, 89-96, 100-103 and 143-157.

POINT IV

<b>PLAINTIFF'S SECOND, FOURTH, SEVENTH, EIGHTH, TENTH, TWELFTH, FIFTEENTH AND SIXTEENTH CAUSES OF ACTION MUST BE DISMISSED</b>

Plaintiff filed an Amended Complaint in the Supreme Court of the State of New York – County of Kings on November 22, 2013 against Defendants – City of New York, Paul J. Savarese and Does 1-10 (Index No. 501761/2013) alleging unlawful discrimination based on plaintiff's gender, race, ethnicity and skin color in violation of the CHRL and the New York State Human Rights Law ("SHRL") - New York Executive Law § 296.  See **Exhibit D** annexed to the Murrell Decl. at ¶¶ 56-57.

Plaintiff's argument in section "E" of Pltf's MOL incorrectly states Defendants' application of United States Supreme Court precedent set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) in Defs' MOL was erroneous.  The six factors the Defendants' analyzed are used to decide wither to abstain pursuant to Colorado River, 424 U.S. 800.  See Abe v. N.Y. Univ., No. 14-cv-9323 (RJS), 2016 U.S. Dist. LEXIS 43611, *15 (S.D.N.Y. Mar. 30, 2016).  "Before engaging in the six-factor analysis, a court must make a threshold determination that the federal and state court cases are 'parallel.'" Id. at *17.

Defendants argued in Defs' MOL that the third, fourth[1], fifth and sixth Colorado River factors weigh in favor of abstention.  See Defs' MOL at 14.  The third factor driving Colorado River and its progeny is the "clear federal policy" of avoiding "piecemeal adjudication."  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).  A victory by Defendants on the SHRL and CHRL claims in State Court would necessarily preclude plaintiff from claiming violations of all disparate treatment claims in this action that were also asserted in plaintiff's state court action.  See Kercado-Clymer v. City of Amsterdam, 2010 U.S. App. LEXIS 6129, *n.1 (2d Cir. Mar. 25, 2010) (Title VII law is used to evaluate claims brought under SHRL and Section 1983); Williams v. New York City Hous. Auth., 61 A.D.3d 62, 66 (1st Dep't 2009), lv. den., 13 N.Y.3d 702 (2009) (it is clear that interpretations of state or federal provisions worded similarly to CHRL provisions may be used as aids in interpretation only to the extent that the counterpart provisions are viewed as a floor below which the CHRL law cannot fall).  Moreover, any judgment by this Court in favor of either party would not have any preclusive effect on the ten unnamed individual defendants in the State action.   Therefore, the third Colorado River factor weighs heavily in favor of abstention.  See Abe, 2016 U.S. Dist. LEXIS 43611, *21-23.

The fifth factor under Colorado River favors abstention by this Court and looks to whether state or federal law applies to the merits of the case.  Id. at *25.  "When the applicable substantive law is federal, abstention is disfavored."  Id.  However, plaintiff's second, fourth, seventh, eighth, tenth, twelfth, fifteenth and sixteenth causes of action set forth in the Complaint are not only duplicative of plaintiff's Amended Complaint in State Court (**Exhibit D** annexed to

---

[1] Defendants withdraw their argument that the fourth Colorado River factor weighs heavily in favor of abstention.

Murrell Decl.), but arise under State law.  Compare Compl. at ¶¶ 162, 164, 167-168, 170, 172, 175-176 with **Exhibit D** at ¶¶ 37, 56-57.

The sixth factor set forth in Colorado River also weighs heavily in favor of abstention because plaintiff's Title VII and § 1983 claims could have been brought in State court, the forum he chose in 2013.  See Deshpande v. Medisys Health Network, Inc., 2010 U.S. Dist. LEXIS 37891, *27 (E.D.N.Y. Apr. 16, 2010) (State courts have concurrent jurisdiction over Title VII claims) aff'd 423 Fed. Appx. 31 (2d Cir. 2011); Harris v. N.Y. State Dep't of Health, 202 F. Supp. 2d 143, 156 (S.D.N.Y. 2002) (Section 1983 was intended to provide dual or concurrent forums in the State and Federal system, enabling the plaintiff to choose the forum in which to seek relief).  Finally, the third and sixth Colorado River factors also weigh in favor of abstention.  As the Second Circuit has repeatedly instructed, abstention is particularly appropriate where, as here, there is the possibility that a state-court judgment could have preclusive effect on the federal-court action, but the federal court's judgment would lack preclusive effect in the state court, thus resulting in friction between the state and federal systems.  See Abe, 2016 U.S. Dist. LEXIS 43611 at *27-28.

## POINT V

### PLAINTIFF'S CHRL CLAIMS RELATING TO THE COMPLAINT OF STACY SCHECTER ("SS") MUST BE DISMISSED

Notwithstanding plaintiff's argument regarding tolling (see Pltf's MOL at 10-11), it is undisputed that the Second Circuit has yet to definitively opine on the issue of whether the filing of a charge with the EEOC serves to automatically toll the statute of limitations on claims asserted under the CHRL.  Taylor v. City of New York, 2016 U.S. Dist. LEXIS 124289, *15 (S.D.N.Y. Sept. 13, 2016).  Defendants note that only one of plaintiff's charges filed with the EEOC were jointly filed with either the SDHR or the CCHR.  Compare **Exhibit A** with **Exhibit**

**B.**  Although plaintiff cites to district court precedent applying the toll even if no charge was actually pending before either the SDHR or the CCHR, defendants respectfully submit that such an interpretation of NYC Admin. Code § 8-502(d) is inconsistent with the plain wording of the statute.[2]  Thus, the tolling provision to which plaintiff refers does not apply.  Moreover, even if it did, no CHRL claim would be timely that accrued before June 26, 2012 (see **Exhibit A**) as opposed to January 28, 2013.

**CONCLUSION**

For the foregoing reasons along with those set forth in the Defendants' June 22, 2016 Memorandum of Law, the Defendants respectfully request that their partial motion to dismiss the Complaint be granted along with such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              September 30, 2016

                              **ZACHARY W. CARTER**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-140
                              New York, New York 10007
                              (212) 356-4083

                              By:    */s/ Eric Murrell*
                                     Eric Murrell
                                     Assistant Corporation Counsel


Bruce Rosenbaum,
Eric Murrell,
   Of Counsel.

---

[2] NYC Admin. Code § 502(d) provides in pertinent part: "Upon the filing of a complaint with the city commission on human rights or the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three year limitations period shall be tolled."