Index No. 16-CV-0465 (WFK) (VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DELANO CONNOLLY,

Plaintiff,

-against-

THE CITY OF NEW YORK, JOSEPH CARDIERI,
PAUL SAVARESE, IAN SANGENITO, ALAN SPUTZ,
SUSAN STARKER, and FREDDA MONN,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street - Room 2-140*
*New York, NY 10007*

*Of Counsel:  Eric T. Murrell*
*Tel:  (212) 356-4083*
*Matter No. 2016-003343*

**Date of Service:  December 10, 2018**

Eric T. Murrell,
Of Counsel.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ............................................................. 1

STATEMENT OF FACTS .................................................................... 2

ARGUMENT

      POINT I

          NO INDIVIDUAL LIABILITY UNDER TITLE
          VII ................................................................................. 2

          A.   Individual Liability .................................................. 2

      POINT II

          NO TRIABLE ISSUES OF MATERIAL FACT
          EXIST THAT WOULD PRECLUDE
          SUMMARY JUDGMENT ................................................ 2

          A.   Standard Of Review ................................................. 2

               1.  Discrimination ................................................ 2

               2.  Failure to Promote ......................................... 3

               3.  Retaliation ...................................................... 4

               4.  Individual Liability Under § 1983 ................. 5

          B.   Application ............................................................... 6

               1.  No Prima Facie Case Of Discrimination ................................... 6

                   a.  No Adverse Employment Action ...................................... 6

                   b.  No Inference of Discrimination ........................................ 8

                       i.  Plaintiff's Alleged
                          Comparators .......................................... 10

                       ii.  Plaintiff's Failure to Promote
                          Claim ...................................................... 12

**Page**

  c. Defendants' Non-Discriminatory
   Reasons ................................................................14

  d. Lack of Pretext .................................................15

 2. No Prima Facie Case Of Retaliation .......................................16

  a. Protected Activities .........................................16

  b. No Adverse Employment Action ....................................17

  c. Lack of Causation ...........................................20

  d. Defendants' Non-Retaliatory
   Reasons .....................................................21

  e. Lack of Evidence of Pretext.....................................22

 3. No Evidence Of Individual Liability
  Under § 1983 ..................................................................24

CONCLUSION ...................................................................................25

## TABLE OF AUTHORITIES

**<u>Cases</u>**                                                                                              **<u>Pages</u>**

<u>Abdu-Brisson v. Delta Air Lines, Inc.</u>,
    239 F.3d 456 (2d Cir. 2001),
    <u>cert. den.</u>, 534 U.S. 993, 122 S. Ct. 460 (2001) ........................................................9

<u>Acheampong v. N. Y. City Health & Hosps. Corp.</u>,
    No. 11CV9205-LTS-SN, 2015 U.S. Dist. LEXIS 37933
    (S.D.N.Y. Mar. 25, 2015) ............................................................................12

<u>Alexidor v. Donahoe</u>,
    No. 11 CV 9113 (KMK), 2016 U.S. Dist. LEXIS 136026,
    (S.D.N.Y. Sep. 30, 2016),
    <u>Summary judgment granted by</u>, 2017 U.S. Dist. LEXIS 30410
    (S.D.N.Y., Mar. 2, 2017) ..........................................................................11, 12

<u>Ani v. IMI Sys.</u>,
    No. 98 Civ. 8430 (DAB)(MHD), 2002 U.S. Dist. LEXIS 15196, 2002 WL
    1888873 (S.D.N.Y. Aug. 15, 2002) ...............................................................13

<u>Back v. Hastings on Hudson Union Free Sch. Dist.</u>,
    365 F.3d 107 (2d Cir. 2004)......................................................................5, 24

<u>Bamba v. Fenton</u>,
    No. 17-2870, 2018 U.S. App. LEXIS 34048 (2d Cir. Dec. 4, 2018).........................4

<u>Basso v. Earthlink, Inc.</u>,
    157 A.D.3d 428, 69 N.Y.S.3d 8 (1st Dep't 2018) ..................................................10

<u>Bendeck v. NYU Hosps. Ctr.</u>,
    77 A.D.3d 552, 909 N.Y.S.2d 439 (1st Dep't 2010) ..............................................21

<u>Breitstein v. Michael C. Fina Co.</u>,
    2016 NY Slip Op 31858[U] (Sup. Ct., N.Y. Co. 2016),
    <u>aff'd</u>, 156 A.D.3d 536 (1st Dep't 2017)...........................................................23

<u>Brown v. City of N.Y.</u>,
    2011 U.S. Dist. LEXIS 137880 (S.D.N.Y. Nov. 29, 2011),
    <u>aff'd</u>, 512 F. App'x 29 (2d Cir. 2013)..................................................16, 20, 21

<u>Campbell v. N.Y. City Transit Auth.</u>,
    93 F. Supp. 3d 148 (E.D.N.Y. 2015),
    <u>aff'd</u>, 662 F. App'x 57 (2d Cir. 2016),
    <u>cert. den.</u>, 137 S. Ct. 1595 (2017) ..................................................................6

**Cases**                                                                                                          **Pages**

Carpenter v. City of Mount Vernon,
   No. 15-cv-0661 (NSR), 2018 U.S. Dist. LEXIS 176195
   (S.D.N.Y. Oct. 11, 2018) ...........................................................................................19

Casciani v. Nesbitt,
   659 F. Supp. 2d 427 (W.D.N.Y. 2009),
   aff'd, 392 Fed. Appx. 887 (2d Cir. 2010),
   cert. den., 563 U.S. 936, 131 S. Ct. 2096 (2011) ................................................. 9-10

Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev.,
   641 Fed. Appx. 60 (2d Cir. 2016) ...................................................................2, 19

Chin v. New York City Hous. Auth.,
   160 A.D.3d 443 (1st Dep't 2013),
   lv. den., 22 N.Y.3d 861 (2014) ...............................................................................18

Concepcion v. City of N.Y.,
   2016 U.S. Dist. LEXIS 11352 (S.D.N.Y. Jan. 29, 2016),
   aff'd, 693 F. App'x 31 (2d Cir. 2017)......................................................................12

Cox v. Onondaga Cty. Sheriff's Dep't,
   760 F.3d 139 (2d Cir. 2014).....................................................................................17

Dabney v. Christmas Tree Shops,
   958 F. Supp. 2d 439 (S.D.N.Y. 2013),
   aff'd sub nom., 588 F. App'x 15 (2d Cir. 2014).....................................................23

Dawson v. Valley,
   No. 11-CV-8030 (VB), 2015 U.S. Dist. LEXIS 65807
   (S.D.N.Y. Apr. 14, 2015).........................................................................................14

Day v. City of N.Y.,
   2015 U.S. Dist. LEXIS 161206 (S.D.N.Y. Nov. 30, 2015),
   Adopted by, Dismissed by, in part, 2016 U.S. Dist. LEXIS 37153
   (S.D.N.Y. Mar. 22, 2016) .........................................................................................8

Duckett v. Foxx,
   672 F. App'x 45 (2d Cir. 2016) ................................................................................3

EEOC v. Bloomberg L.P.,
   967 F. Supp. 2d 816 (S.D.N.Y. 2013).....................................................................22

**Cases**        **Pages**

Favorito v. Longwood Cent. Sch. Dist. Bd. of Educ.,
No. CV 13-3419 (JS)(AYS), 2015 U.S. Dist. LEXIS 176648
(E.D.N.Y. July 10, 2015),
Adopted by, Objection overruled by, Request denied by, Without prejudice,
2015 U.S. Dist. LEXIS 176645 (E.D.N.Y., Sept. 16, 2015)........................................3

Figueroa v. Johnson,
648 Fed. Appx. 130 (2d Cir. 2016).........................................22

Fleming v. MaxMara USA, Inc.,
371 F. App'x 115 (2d Cir. 2010) .........................................23

Fletcher v. ABM Bldg. Value,
2018 U.S. Dist. LEXIS 54762 (S.D.N.Y. Mar. 28, 2018) .........................................13

Frazier v. Stanley,
2018 U.S. Dist. LEXIS 205362 (S.D.N.Y. Nov. 29, 2018).........................................17

Furfero v. St. John's Univ.,
94 A.D.3d 695, 941 N.Y.S.2d 639 (2d Dep't 2012) .........................................7

Graham v. Long Island R.R.,
230 F.3d 34 (2d Cir. 2000).........................................10

Greene v. Brentwood Union Free Sch. Dist.,
966 F. Supp. 2d 131 (E.D.N.Y. 2013),
aff'd, 576 Fed. App'x 39 (2d Cir. 2014).........................................14

Guity v. Uniondale Union Free Sch. Dist.,
No. CV 12-1482 (SJF) (AKT), 2014 U.S. Dist. LEXIS 45803
(E.D.N.Y. Feb. 28, 2014),
Adopted by, Objection denied by, Summary judgment granted by, Dismissed
by, 2014 U.S. Dist. LEXIS 43992 (E.D.N.Y., Mar. 31, 2014) .........................................19

Hofmann v. Schiavone Contracting Corp.,
630 F. App'x 36 (2d Cir. 2015) .........................................3

Holmes v. Astor Servs. for Children & Families,
No. 16-CV-2260 (CS), 2017 U.S. Dist. LEXIS 130799
(S.D.N.Y. Aug. 16, 2017) .........................................11

**Cases**                                                                                                              **Pages**

Hudson v. Merrill Lynch & Co., Inc.,
    2014 NY Slip Op 31048(U) (Sup. Ct. N.Y. Co. 2014),
    aff'd, 138 A.D.3d 511 31 N.Y.S.3d 3 (1st Dep't 2016),
    lv. den., 28 N.Y.3d 902 (2016) ...................................................................................23

Johnson v. Schmid,
    No. 17-3196-cv, 2018 U.S. App. LEXIS 25391, (2d Cir. Sep. 7, 2018) ...........................5, 20

Joseph v. Leavitt,
    465 F.3d 87 (2d Cir. 2006)..........................................................................................7

Joseph v. Thompson,
    Civil Action No. 95-CV-4898 (DGT)(MDG), 2005 U.S. Dist. LEXIS 39419
    (E.D.N.Y. Mar. 22, 2005),
    aff'd sub nom., 465 F.3d 87 (2d Cir. 2006),
    cert. den., 549 U.S. 1282, 127 S. Ct. 1855 (2007) ...................................................19

Kerman—Mastour v. Fin. Indus. Regulatory Auth., Inc.,
    814 F.Supp.2d 355 (S.D.N.Y. Sep. 30, 2011)..............................................................9

Kizer v. Abercrombie & Fitch Co.,
    No. 12-CV-5387(JS)(AKT), 2018 U.S. Dist. LEXIS 198718
    (E.D.N.Y. Nov. 20, 2018)............................................................................................9

Kwan v. Andalex Grp., LLC.,
    737 F.3d 834 (2d Cir. 2013)........................................................................................20

Lange v. Town of Monroe,
    213 F. Supp. 2d 411 (S.D.N.Y. 2002)........................................................................24

Lawson v. City of New York,
    2013 U.S. Dist. LEXIS 166666 (E.D.N.Y. Nov. 21, 2013),
    aff'd, 595 Fed. Appx. 89 (2d Cir. 2015) .................................................................7

Lee v. HealthFirst, Inc.,
    2007 U.S. Dist. LEXIS 14891 (S.D.N.Y. Mar. 1, 2007) .......................................13

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)..............................................................................5, 24

Lue v. JPMorgan Chase & Co.,
    No. 16-CV-3207 (AJN),
    2018 U.S. Dist. LEXIS 50749 (S.D.N.Y. Mar. 27, 2018) ...............................15, 16

**Cases**                                                                                  **Pages**

Mabry v. Neighborhood Def. Serv.,
   769 F. Supp. 2d 381 (S.D.N.Y. 2011).......................................................................20

Malacarne v. City Univ. of New York,
   289 F. App'x 446 (2d Cir. 2008) ..........................................................................22

Martinez v. Connecticut State Lib.,
   817 F. Supp. 2d 28 (D. Conn. 2011)....................................................................22

Martinez v. Davis Polk & Wardwell LLP,
   713 F. App'x 53 (2d Cir. 2017) ...........................................................................15

McDonnell-Douglas Corp. v. Green,
   411 U.S. 792 (1973)...........................................................................................2, 3

McPherson v. N.Y. City Dep't of Educ.,
   457 F.3d 211 (2d Cir. 2006)..................................................................................14

Melman v. Montefiore Med. Ctr.,
   98 A.D.3d 107 (1st Dep't 2012) ................................................................. 15-16, 20

Mitchell v. SUNY Upstate Med. Univ.,
   243 F. Supp. 3d 255 (N.D.N.Y. 2017),
   aff'd, 723 F. App'x 62 (2d Cir. 2018)...................................................................20

Moore v. Kingsbrook Jewish Med. Ctr.,
   No. 11-CV-3625, 2013 U.S. Dist. LEXIS 107111, 2013 WL 3968748
   (E.D.N.Y. July 30, 2013) ....................................................................................23

Moy v. Perez,
   712 F. App'x 38 (2d Cir. 2017) ................................................... 4, 14-15, 16

Nakis v. Potter,
   422 F. Supp. 2d 398 (S.D.N.Y. 2006)..................................................................21

Nat'l R.R. Passenger Corp. v. Morgan,
   536 U.S. 101 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)...............................................4

Parsons v. J.P. Morgan Chase Bank, N.A.,
   No. 16-CV-0408 (NGG) (JO), 2018 U.S. Dist. LEXIS 173056
   (E.D.N.Y. Sep. 30, 2018).......................................................................................3

Patel v. City of N.Y.,
   699 F. App'x 67 (2d Cir. 2017) ...........................................................................13

**Cases**                                                                                              **Pages**

Pouncy v. Advanced Focus LLC,
    No. 15-CV-6260 (JMF), 2017 U.S. Dist. LEXIS 156414
    (S.D.N.Y. Sep. 25, 2017),
    recons. den., 2018 U.S. Dist. LEXIS 63755 (S.D.N.Y. Apr. 16, 2018) ...................................4

Reynolds v. Barrett,
    685 F.3d 193 (2d Cir. 2012)........................................................................................5

Ruiz v. Cty. of Rockland,
    609 F.3d 486 (2d Cir. 2010) (§ 1983 race) .................................................................3

Russell v. Aid to Developmentally Disabled, Inc.,
    No. 17-3417, 2018 U.S. App. LEXIS 29293 (2d Cir. Oct. 18, 2018) .......................................4

Scaria v. Rubin,
    117 F.3d 652 (2d Cir. 1997)......................................................................................15

Serrano v. N.Y. State Dep't of Envtl. Conservation,
    No. 12-CV-1592 (MAD/CFH), 2017 U.S. Dist. LEXIS 47527
    (N.D.N.Y. Mar. 30, 2017),
    aff'd, 714 F. App'x 90 (2d Cir. 2018)..........................................................................21

Sotomayor v. City of N.Y.,
    862 F. Supp. 2d 226 (E.D.N.Y. 2012),
    aff'd, 713 F.3d 163 (2d Cir. 2013)..............................................................................6

St. Mary's Honor Ctr. v. Hicks,
    509 U.S. 502 (1993)................................................................................................15

Staten v. City of N.Y.,
    No. 16-CV-5317, 2017 U.S. Dist. LEXIS 106083 (S.D.N.Y. July 10, 2017),
    aff'd, 726 F. App'x 40 (2d Cir. 2018)........................................................................7, 8

Teasdale v. New York City Fire Dep't,
    574 Fed. Appx. 50 (2d Cir. 2014)................................................................................3

Tepperwien v. Entergy Nuclear Operations, Inc.,
    663 F.3d 556 (2d Cir. 2011)......................................................................................18

Toussaint v. NY Dialysis Servs.,
    230 F. Supp. 3d 198 (S.D.N.Y. 2017),
    aff'd, 706 F. App'x 44 (2d Cir. 2017)......................................................................10, 11

**Cases**                                                                                                    **Pages**

Trane v. Northrop Grumman Corp.,
    94 F. Supp. 3d 367 (E.D.N.Y. 2015),
    aff'd, 639 F. App'x 50 (2d Cir. 2016),
    cert. den., 137 S. Ct. 619 (2017) ...........................................................................3, 15

Tu Ying Chen v. Suffolk Cty. Cmty. Coll.,
    No. 14 CV 1597 (JMA)(SIL), 2017 U.S. Dist. LEXIS 51965,
    (E.D.N.Y. Mar. 31, 2017),
    aff'd, 734 F. App'x 773 (2d Cir. 2018)..................................................................9

Tucker v. New York City,
    376 F. App'x 100 (2d Cir. 2010) ..........................................................................15

Univ. of Tex. Sw. Med. Ctr. v. Nassar,
    570 U.S. 338 (2013)......................................................................................... 4-5

Valenti v. Massapequa Union Free Sch. Dist.,
    No. 09-CV-977 (JFB) (ARL), 2012 U.S. Dist. LEXIS 43279
    (E.D.N.Y. Mar. 28, 2012) ......................................................................................7

Van Dyke v. Partners of Debevoise & Plimpton LLP,
    2013 U.S. Dist. LEXIS 136786 (S.D.N.Y. Sep. 24, 2013).....................................18

Van Zant v. KLM Royal Dutch Airlines,
    80 F.3d 708 (2d Cir. 1996)....................................................................................15

Varughese v. Mount Sinai Med. Ctr.,
    2015 U.S. Dist. LEXIS 43758 (S.D.N.Y. Mar. 27, 2015),
    aff'd, 693 F. App'x 41 (2d Cir. 2017)...................................................................10

Vecchione v. Dep't of Educ.,
    2014 U.S. Dist. LEXIS 69708 (S.D.N.Y. May 16, 2014).....................................21

Vill. of Freeport v. Barrella,
    814 F.3d 594 (2d Cir. 2016)...................................................................................8

Weber v. City of New York,
    973 F. Supp. 2d 227 (E.D.N.Y. 2013) ...................................................................6

Whethers v. Nassau Health Care Corp.,
    956 F. Supp. 2d 364 (E.D.N.Y. 2013),
    aff'd, 578 F. App'x 34 (2d Cir. 2014)....................................................................7

Wright v. Monroe Cmty. Hosp.,
    2011 U.S. Dist. LEXIS 82809 (W.D.N.Y. July 28, 2011),
    aff'd, 493 F. App'x 233 (2d Cir. 2012).............................................................17, 18

**Cases**                                                                            **Pages**

Ya-Chen Chen v. City Univ. of N.Y.,
    805 F.3d 59 (2d Cir. 2015)................................................................................4, 5, 16

Yu v. N.Y. State Unified Court Sys. Office of Court Admin.,
    2013 U.S. Dist. LEXIS 97546, (S.D.N.Y. July 12, 2013) .......................................................4

**Statutes**

42 U.S.C. § 1983................................................................1, 2, 3, 4, 5, 12, 14, 20, 24

42 U.S.C. § 2000e-2................................................................................................1

Local Rule 56.1 ......................................................................................................2

N.Y.C. Admin. Code § 8-107 ................................................................................1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DELANO CONNOLLY,

                                            Plaintiff,

            -against-                                          16 Civ. 0465 (WFK) (VMS)

THE CITY OF NEW YORK, JOSEPH CARDIERI, PAUL
SAVARESE, IAN SANGENITO, ALAN SPUTZ, SUSAN
STARKER, and FREDDA MONN,

                                            Defendants.

-------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Plaintiff, currently an attorney employed by the New York City Administration for Children's Services ("ACS"), alleges that the Defendants discriminated against him on the basis of his race and gender, and subsequently retaliated against him for opposing the alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") – 42 U.S.C. § 2000e-2; 42 U.S.C. § 1983 ("§ 1983"), and the New York City Human Rights Law ("CHRL"), N.Y.C. Admin. Code § 8-107.

The Defendants now move for Summary Judgment dismissing the complaint on the grounds that: (1) there is no individual liability under Title VII; (2) plaintiff cannot establish discrimination and retaliation in violation of federal law and local law; and (3) the Defendants have articulated legitimate, non-discriminatory, and non-retaliatory reasons for any alleged adverse employment actions that cannot be shown to be pretextual as a matter of law.

## STATEMENT OF FACTS

The Court is respectfully referred to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts, dated December 10, 2018 ("Defs' 56.1") for a statement of pertinent and material facts.[1]

## ARGUMENT

## POINT I

## NO INDIVIDUAL LIABILITY UNDER TITLE VII

### A.  Individual Liability

Because there is no individual liability under Title VII, all claims as against the individual Defendants pursuant to that statute must be dismissed.  See Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev., 641 Fed. Appx. 60, 61-62 (2d Cir. 2016) (Title VII).

## POINT II

## NO TRIABLE ISSUES OF MATERIAL FACT EXIST THAT WOULD PRECLUDE SUMMARY JUDGMENT

### A.     Standard Of Review

#### 1. Discrimination

Plaintiff's Title VII, § 1983, and CHRL claims are analyzed under the three-step burden-shifting framework established in McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973).  To establish a prima facie case of discrimination, plaintiff must show the following: 1) that he was within a protected class; 2) that he was qualified for the position; 3) that he suffered an adverse employment decision and 4) that the adverse employment decision occurred under

---

[1] Unless otherwise stated, all exhibit references are to those annexed to the Declaration of Assistant Corporation Counsel Eric Murrell in Support of Defendants' Motion for Summary Judgment executed on December 10, 2018 ("Murrell Decl.").

circumstances giving rise to an inference of discrimination based on a protected characteristic. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).[2]

Plaintiff bears the initial minimal burden of setting out a prima facie discrimination case, and is then aided by a presumption of discrimination unless the defendant proffers a legitimate, non-discriminatory reason for the adverse employment action, in which event, the presumption evaporates and the plaintiff must prove that the employer's proffered reason was a pretext for discrimination. Teasdale v. New York City Fire Dep't, 574 Fed. Appx. 50, 51 (2d Cir. 2014). The "ultimate burden is on the plaintiff to establish that the Defendants' reasons are in fact pretext for unlawful discrimination." Hofmann v. Schiavone Contracting Corp., 630 F. App'x 36, 39 (2d Cir. 2015). Conclusory allegations of discrimination are insufficient to show that a Defendants' non-discriminatory reasons are pretext and to avoid summary judgment. Trane v. Northrop Grumman Corp., 94 F. Supp. 3d 367, 375 (E.D.N.Y. 2015), aff'd, 639 F. App'x 50 (2d Cir. 2016), cert. den., 137 S. Ct. 619 (2017).

**2. Failure to Promote**

Title VII, § 1983, and CHRL failure-to-promote claims are also governed by the burden-shifting framework set forth in McDonnell Douglas. To carry his prima facie burden at the summary judgment stage, plaintiff has to adduce evidence that (1) he is a member of a protected class, (2) he applied and was qualified for a job for which the employer was seeking applicants, (3) he was rejected for the position, and (4) the circumstances give rise to an

---

[2] Duckett v. Foxx, 672 F. App'x 45, 46-47 (2d Cir. 2016) (Title VII); Favorito v. Longwood Cent. Sch. Dist. Bd. of Educ., No. CV 13-3419 (JS)(AYS), 2015 U.S. Dist. LEXIS 176648, at *22 (E.D.N.Y. July 10, 2015) (§ 1983 gender), Adopted by, Objection overruled by, Request denied by, Without prejudice, 2015 U.S. Dist. LEXIS 176645 (E.D.N.Y., Sept. 16, 2015); Ruiz v. Cty. of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (§ 1983 race); Parsons v. J.P. Morgan Chase Bank, N.A., No. 16-CV-0408 (NGG) (JO), 2018 U.S. Dist. LEXIS 173056, at *15-16 (E.D.N.Y. Sep. 30, 2018) (CHRL).

inference of discrimination based on membership in the protected class. Moy v. Perez, 712 F. App'x 38, 41 (2d Cir. 2017) (Title VII) (collecting cases); Yu v. N.Y. State Unified Court Sys. Office of Court Admin., 2013 U.S. Dist. LEXIS 97546, at *14-16 and 21-23 (S.D.N.Y. July 12, 2013) (§ 1983); Pouncy v. Advanced Focus LLC, No. 15-CV-6260 (JMF), 2017 U.S. Dist. LEXIS 156414, at *12 n.1 (S.D.N.Y. Sep. 25, 2017), recons. den., 2018 U.S. Dist. LEXIS 63755 (S.D.N.Y. Apr. 16, 2018) (CHRL).   A failure to promote is also considered a discrete act of retaliation. Bamba v. Fenton, No. 17-2870, 2018 U.S. App. LEXIS 34048, at *5 (2d Cir. Dec. 4, 2018) citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113-14, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (explaining that "termination, failure to promote, denial of transfer, or refusal to hire" are discrete retaliatory acts insufficient to invoke the continuing violation doctrine).

### 3.  Retaliation

To make out a prima facie case of retaliation under Title VII, § 1983, and CHRL, plaintiff must show that: (1) he engaged in a protected activity; (2) Defendants were aware of this activity; (3) the Defendants took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity.   Once a prima facie case of retaliation is established, the burden of production shifts to the Defendants to demonstrate that a legitimate, non-retaliatory reason existed for their action(s).   If the Defendants demonstrate such a reason, the burden shifts back to the plaintiff to adduce evidence from which a rational finder of fact could infer that the desire to retaliate was the but-for cause of the challenged employment action. Russell v. Aid to Developmentally Disabled, Inc., No. 17-3417, 2018 U.S. App. LEXIS 29293, at *6-7 (2d Cir. Oct. 18, 2018); see Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 70 (2d Cir. 2015) quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S.

338, 352 (2013).[3]  Unlike retaliation claims made under Title VII and § 1983, under the CHRL, summary judgment is appropriate if the record establishes as a matter of law that retaliation played no role in the Defendants' actions.  Ya-Chen Chen, 805 F.3d at 76.

### 4.  Individual Liability Under § 1983

"In order to establish individual liability under § 1983, a plaintiff must show (a) that the Defendant is a person acting under the color of state law, and (b) that the Defendant caused the plaintiff to be deprived of a federal right."  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004).  "Liability for an Equal Protection Clause violation under § 1983 requires personal involvement by a defendant, who must act with discriminatory purpose."  Reynolds v. Barrett, 685 F.3d 193, 204 (2d Cir. 2012).  A Defendant's personal involvement can be established by showing that:

> (1) The Defendant participated directly in the alleged constitutional violation, (2) the Defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the Defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the Defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the Defendant exhibited deliberate indifference…by failing to act on information indicating that unconstitutional acts were occurring.  Littlejohn v. City of New York, 795 F.3d 297, 314 (2d Cir. 2015).

---

[3] Johnson v. Schmid, No. 17-3196-cv, 2018 U.S. App. LEXIS 25391, at *5-6 (2d Cir. Sep. 7, 2018) (§ 1983).

**B.    Application**

    **1.   No Prima Facie Case Of Discrimination**

        **a.   No Adverse Employment Action**

        "An adverse employment action is a 'materially adverse change in the terms and conditions of employment, which can include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [or] significantly diminished material responsibilities,' among other possibilities." Campbell v. N.Y. City Transit Auth., 93 F. Supp. 3d 148, 168-69 (E.D.N.Y. 2015), aff'd, 662 F. App'x 57 (2d Cir. 2016), cert. den., 137 S. Ct. 1595 (2017).  Such action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."  Id.  Disciplinary memoranda and evaluations are adverse employment actions only if they affect ultimate employment decisions such as promotion, wages, or termination.  Id.  In his performance evaluation signed on April 21, 2014 for the period: October 1, 2012 to September 30, 2013, plaintiff received an overall rating of "Good," and disagreed with the rating.  See Defs' 56.1 at ¶ 41.  However, "criticism of an employee in the course of correcting [his] work is not an adverse employment action." Sotomayor v. City of N.Y., 862 F. Supp. 2d 226, 254 (E.D.N.Y. 2012), aff'd, 713 F.3d 163 (2d Cir. 2013).

        Regarding the OEEO investigation of plaintiff (see Defs' 56.1 at ¶¶ 13-40; **Exhibit Q** at Bates Stamp Nos. 2012EEOC4 – 2012EEOC5 at ¶¶ B-H), the mere investigation is in itself, not an adverse employment action.  Weber v. City of New York, 973 F. Supp. 2d 227, 252 (E.D.N.Y. 2013) (collecting cases).  Moreover, the fact that following the OEEO investigation, the complaint filed against plaintiff was "unsubstantiated" militates against the alleged adverse nature of the OEEO investigation.  Id.  "A transfer is an adverse employment action if it results in a change in responsibilities so significant as to constitute a setback in the

plaintiff's career." Lawson v. City of New York, 2013 U.S. Dist. LEXIS 166666, *24-25 (E.D.N.Y. Nov. 21, 2013), aff'd, 595 Fed. Appx. 89 (2d Cir. 2015). Even under the CHRL, a change in plaintiff's schedule because of his transfer is not an adverse employment action. Furfero v. St. John's Univ., 94 A.D.3d 695, 698, 941 N.Y.S.2d 639, 642-43 (2d Dep't 2012). Regarding plaintiff's Charges and Specifications (see Defs' 56.1 at 42-85), an employee does not suffer a materially adverse change in the terms and conditions of employment where the employer merely enforces its preexisting disciplinary policies in a reasonable manner. Joseph v. Leavitt, 465 F.3d 87, 91 (2d Cir. 2006).

Plaintiff's involuntary transfer during the pendency of the OEEO investigation (see Defs' 56.1 at ¶¶ 19-20, 23-27, and 40) is not adverse either because his title and pay remained the same. Staten v. City of N.Y., No. 16-CV-5317, 2017 U.S. Dist. LEXIS 106083, at *21-23 (S.D.N.Y. July 10, 2017) (collecting cases), aff'd, 726 F. App'x 40, 42-43 (2d Cir. 2018). Moreover, subjective dissatisfaction with assignments does not constitute adverse employment action. Valenti v. Massapequa Union Free Sch. Dist., No. 09-CV-977 (JFB) (ARL), 2012 U.S. Dist. LEXIS 43279, at *43 (E.D.N.Y. Mar. 28, 2012) (collecting cases); see Whethers v. Nassau Health Care Corp., 956 F. Supp. 2d 364, 376 (E.D.N.Y. 2013) (that plaintiff, upon being transferred, was physically separated from her supervisor, often had to report to different supervisors, and "sometimes had to perform duties she considered outside of the scope of her responsibilities," did not amount to an adverse employment action), aff'd, 578 F. App'x 34 (2d Cir. 2014).

Plaintiff's duties while working for the Legal Compliance Unit following his transfer during the pendency of the OEEO investigation were consistent with those of an ACS Agency Attorney (see Defs' 56.1 at ¶¶ 7, 26), and do not constitute an adverse employment

7

action. <u>Staten</u>, No. 16-CV-5317, 2017 U.S. Dist. LEXIS 106083, at *22 ("Although allegedly unpleasant and inconvenient, the plaintiff's assignments to work the barrier section, transport a prisoner, and guard the precinct cells were not adverse employment actions because they were standard officer assignments and were unaccompanied by any 'materially adverse change' in the plaintiff's employment such as a demotion, loss of responsibility, change in salary, reduction in benefits, or missed opportunity for career advancement").

In his 2012 EEOC Charge, plaintiff documents instances where ACS employees made derogatory statements about him (*e.g.* "sleazy," "he's part of the Christian Coalition," "womanizer," "psycho," "mental issues," and "asshole"). <u>See</u> **Exhibit Q** at Bates Stamp Nos. 2012EEOC5 – 2012EEOC6 at ¶¶ H-I; 2012EEOC10 – 2012EEOC10 at ¶¶ B-C. However, those statements are not adverse. <u>Day v. City of N.Y.</u>, 2015 U.S. Dist. LEXIS 161206, at *22-26 (S.D.N.Y. Nov. 30, 2015) (collecting cases), <u>Adopted by, Dismissed by, in part</u>, 2016 U.S. Dist. LEXIS 37153 (S.D.N.Y. Mar. 22, 2016) ("...allegations that defendants were hostile towards plaintiff, utilizing words like dumb, delusional, you kept your job, oversensitive, and gathering information; gave [a non-party] special seating and scheduling privileges...none of these actions constitutes an adverse employment action under Title VII because plaintiff has not alleged that they created a materially adverse change in the terms and conditions of [plaintiff's] employment").

### b. No Inference of Discrimination

An inference of discrimination can be derived from the circumstances of plaintiff's employment including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically[4] degrading terms; invidious comments made about others in the

---

[4] Title VII's prohibition on race discrimination encompasses discrimination on the basis of ethnicity. <u>See</u> <u>Vill. of Freeport v. Barrella</u>, 814 F.3d 594, 607 (2d Cir. 2016).

employee's protected group; the more favorable treatment of employees not in the protected group; or the sequence of events leading to the alleged adverse employment action. Tu Ying Chen v. Suffolk Cty. Cmty. Coll., No. 14 CV 1597 (JMA)(SIL), 2017 U.S. Dist. LEXIS 51965, at *14-15 (E.D.N.Y. Mar. 31, 2017), aff'd, 734 F. App'x 773 (2d Cir. 2018) citing Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001), cert. den., 534 U.S. 993, 122 S. Ct. 460 (2001).

In his 2012 EEOC Charge, plaintiff documents instances where ACS employees made derogatory statements about him (e.g. "sleazy," "he's part of the Christian Coalition," "womanizer," "psycho," "mental issues," and "asshole"). See **Exhibit Q** at Bates Stamp Nos. 2012EEOC5 – 2012EEOC6 at ¶¶ H-J and 2012EEOC10 – 2012EEOC10 at ¶¶ B-C. Such statements are cannot be used to defeat summary judgment. Kerman—Mastour v. Fin. Indus. Regulatory Auth., Inc., 814 F.Supp.2d 355, 369 (S.D.N.Y. Sep. 30, 2011) ("statements of a coworker relating allegedly discriminatory remarks made by a supervisor do not fall within [a] hearsay exception of [the Federal Rules of Evidence and as such, the Court will not consider it on summary judgment"). Even if admissible, "stray remarks, even if made by a decision-maker, do not constitute sufficient evidence to make out a case of employment discrimination." Kizer v. Abercrombie & Fitch Co., No. 12-CV-5387(JS)(AKT), 2018 U.S. Dist. LEXIS 198718, at *14-15 (E.D.N.Y. Nov. 20, 2018) (collecting cases).

To raise an inference of discrimination plaintiff "must do more than merely proffer his own belief that he was discriminated against." See Casciani v. Nesbitt, 659 F. Supp. 2d 427, 463-64 (W.D.N.Y. 2009) (finding that the plaintiff's "subjective beliefs and naked allegations, unsupported by any facts, of a generalized animus on the part of" the defendants was insufficient to sustain a claim of discrimination), aff'd, 392 Fed. Appx. 887 (2d Cir. 2010), cert.

den., 563 U.S. 936, 131 S. Ct. 2096 (2011).  "A plaintiff's feelings and perceptions of being discriminated against are not evidence of discrimination." Basso v. Earthlink, Inc., 157 A.D.3d 428, 430, 69 N.Y.S.3d 8, 10 (1st Dep't 2018) (CHRL).

### i.   Plaintiff's Alleged Comparators

When considering whether plaintiff has raised an inference of discrimination by showing that he was subjected to disparate treatment, the Second Circuit has held that the plaintiff must show she was similarly-situated in all material respects to the individuals with whom he seeks to compare himself. Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000) (Title VII); Varughese v. Mount Sinai Med. Ctr., 2015 U.S. Dist. LEXIS 43758, at *128-29 (S.D.N.Y. Mar. 27, 2015), aff'd, 693 F. App'x 41 (2d Cir. 2017) (CHRL).  The standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's situations. Graham, 230 F.3d at 40.

To the extent plaintiff seeks to compare himself with the twenty-eight (28) other FCLS attorneys investigated by ELU from 2011-2017 (see **Exhibit W**); he cannot show he was similarly-situated in all material aspects to those individuals. See Defs' 56.1 at ¶¶ 87-137.  More specifically, courts in the Second Circuit have routinely recognized that a materially dissimilar disciplinary history may disqualify a peer employee from being deemed similarly-situated to a plaintiff. Toussaint v. NY Dialysis Servs., 230 F. Supp. 3d 198, 215 (S.D.N.Y. 2017), aff'd, 706 F. App'x 44, 45 (2d Cir. 2017).  Eleven of the FCLS attorneys investigated by ELU from 2011-2017 have materially dissimilar disciplinary histories as compared to plaintiff. Compare Defs' 56.1 at ¶¶ 42-86 with Defs' 56.1 at ¶¶ 89-90, 94-95, 101-108, and 112-134.  Additionally, two of the FCLS attorneys were probationary, and unable to be served with Charges and Specifications, unlike plaintiff. See Defs' 56.1 at ¶¶ 91-93 and 98-100.  Ken Robinson who plaintiff alleges is a

white male Level 3 Attorney kissed Stacy Schecter on her forehead, but was not referred to OEEO, unlike plaintiff, is not similarly-situated to plaintiff. Compare **Exhibit Q** at Bates Stamp No. 2012EEOC3 at ¶ A with Defs' 56.1 at ¶¶ 13-40.

Plaintiff also alleges White female attorneys engaged in consensual relationships with co-workers in the Brooklyn FCLS office and were not investigated by the OEEO. See **Exhibit Q** at Bates Stamp Nos. 2012EEOC6 – 2012EEOC7. However, they are not comparators because merely having a consensual relationship with a co-worker at Brooklyn FCLS was not the only reason plaintiff was investigated by OEEO. See Defs' 56.1 at ¶¶; see also Toussaint, 230 F. Supp. 3d at 215.

Generally, evidence that employers treated a plaintiff less favorably than other employees in the plaintiff's own protected classes undermines any inference of discrimination on the basis of the shared characteristics. Alexidor v. Donahoe, No. 11 CV 9113 (KMK), 2016 U.S. Dist. LEXIS 136026, at *26 (S.D.N.Y. Sep. 30, 2016) (collecting cases), Summary judgment granted by, 2017 U.S. Dist. LEXIS 30410 (S.D.N.Y., Mar. 2, 2017). Assuming plaintiff was treated less favorably than a FCLS attorney referred to ELU for criminal misconduct following a DWI arrest, and one referred for "rude inappropriate behavior," the fact that both of those attorneys were male undermines any inference of gender discrimination. See Defs' 56.1 at ¶¶ 101-104 and 109-111.

Discrimination cannot be inferred from the OEEO investigation into plaintiff (see Defs' 56.1 at ¶¶ 13-40) because a similarly-situated employee outside plaintiff's protected class (gender) was not treated more favorably. Holmes v. Astor Servs. for Children & Families, No. 16-CV-2260 (CS), 2017 U.S. Dist. LEXIS 130799, at *15 (S.D.N.Y. Aug. 16, 2017) (collecting cases) ("Defendants did not treat similarly-situated employees outside of Plaintiff's protected

11

class any more favorably...Plaintiff has not established a prima facie case of discrimination"). Defendant Ian Sangenito ("Sangenito"), who plaintiff alleges to be Caucasian (see Dkt. No. 1 at ¶ 39) was also the subject of an OEEO investigation into sexual relationships with ACS staff members.   See Defs' 56.1 at ¶¶ 138-140.   Like the OEEO complaint against plaintiff, the complaint against Sangenito was deemed "unsubstantiated."   See Defs' 56.1 at ¶ 140.   To the extent this Court finds Ken Robinson to be similarly-situated, plaintiff's argument that he was treated less favorably than Ken Robinson (see **Exhibit Q** at Bates Stamp No. 2012EEOC3) undermines plaintiff's gender discrimination claim.   Alexidor v. Donahoe, No. 11 CV 9113 (KMK), 2016 U.S. Dist. LEXIS 136026, at *26 (S.D.N.Y. Sep. 30, 2016) (collecting cases), Summary judgment granted by, 2017 U.S. Dist. LEXIS 30410 (S.D.N.Y., Mar. 2, 2017).

Even if plaintiff could establish that he was subject to other adverse action giving rise to an inference of discriminatory intent, plaintiff has not identified any similarly-situated individuals not sharing his purported characteristics who were given preferential treatment.   See Point II (B)(1)(b)(i), *infra*.   Therefore, plaintiff's § 1983 claims should be dismissed. Acheampong v. N. Y. City Health & Hosps. Corp., No. 11CV9205-LTS-SN, 2015 U.S. Dist. LEXIS 37933, at *47 (S.D.N.Y. Mar. 25, 2015).

### ii.  Plaintiff's Failure to Promote Claim

ACS employees (including the individual Defendants) shall not discriminate against any person in hiring or promotion because of race or gender.   See Defs' 56.1 at ¶ 12. Plaintiff's subjective assessment of his own qualifications is insufficient to create a genuine factual issue as to whether the Defendants' proffered reasons for its hiring decision are pretext for discrimination.   Concepcion v. City of N.Y., 2016 U.S. Dist. LEXIS 11352, at *37-38 (S.D.N.Y. Jan. 29, 2016) (collecting cases), aff'd, 693 F. App'x 31 (2d Cir. 2017).   A material

factual issue can be created only where the plaintiff's credentials are so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question. Id.

There is no evidence suggesting plaintiff was not promoted/transferred under circumstances giving rise to an inference of discrimination based upon race and/or gender. See Defs' 56.1 at ¶¶141-181; see also Ani v. IMI Sys., No. 98 Civ. 8430 (DAB)(MHD), 2002 U.S. Dist. LEXIS 15196, 2002 WL 1888873, at *11 (S.D.N.Y. Aug. 15, 2002) ("court reviews resumes of plaintiff and co-workers to determine whether plaintiff's proposed comparators were similarly-situated"). Plaintiff's personal opinion of the purported lesser qualifications of those who were promoted is of no weight. Lee v. HealthFirst, Inc., 2007 U.S. Dist. LEXIS 14891, at *37 (S.D.N.Y. Mar. 1, 2007); see Fletcher v. ABM Bldg. Value, 2018 U.S. Dist. LEXIS 54762, at *22 (S.D.N.Y. Mar. 28, 2018) ("And with respect to the Administrator role, plaintiff has not demonstrated that she possessed greater, let alone comparable, credentials to the candidate who was selected"). In addition, the mere fact that plaintiff may have had more experience than those who were promoted does not support an inference of discrimination. Patel v. City of N.Y., 699 F. App'x 67, 69 (2d Cir. 2017) ("…greater experience cannot alone establish that a candidate's qualifications are so superior to another's that the employer's hiring decision may be found to have been discriminatory").

Furthermore, one of the individuals promoted to the Agency Attorney Level 4 position was a male. See Defs' 56.1 at ¶ 160. That undermines any inference of discrimination. Fletcher v. ABM Bldg. Value, 2018 U.S. Dist. LEXIS 54762, at *28 (S.D.N.Y. Mar. 28, 2018) ("The individuals who were promoted, Thompson, a white woman, to District Manager, and

13

Avendano, a Hispanic woman, to Administrator, share plaintiff's sex and gender, meaning that plaintiff is unable to demonstrate that she is similarly situated to someone outside of these classes who was promoted").

### c. Defendants' Non-Discriminatory Reasons

Assuming plaintiff sets out a prima facie case of discrimination under Title VII, § 1983, and CHRL, Defendants have legitimate, non-discriminatory reasons for their actions. Employee insubordination and other conduct that is disruptive to the workplace are legitimate, non-discriminatory reasons for adverse employment actions. Dawson v. Valley, No. 11-CV-8030 (VB), 2015 U.S. Dist. LEXIS 65807, at *8-9 (S.D.N.Y. Apr. 14, 2015) (collecting cases). Federal courts do not have a 'roving commission to review business judgments,' and may not 'sit as super-personnel departments, assessing the merit—or even the rationality—of employers' non-discriminatory business decisions.'" Greene v. Brentwood Union Free Sch. Dist., 966 F. Supp. 2d 131, 156 (E.D.N.Y. 2013), aff'd, 576 Fed. App'x 39 (2d Cir. 2014).

Plaintiff was investigated by OEEO and disciplined for unrelated conduct for reasons that had nothing to do with his race and/or gender. See Defs' 56.1 at ¶¶ 13-86. To the extent plaintiff challenges the veracity of the claims which led to the OEEO investigation and the Charges and Specifications, "in a discrimination case . . . the Court is decidedly not interested in the truth of the allegations against plaintiff." McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006). The Court is 'interested in what 'motivated the employer . . .;' the factual validity of the underlying imputation against the employee is not at issue." Id.

Regarding plaintiff's failure to promote claim, the lesser impression he made at his interviews in comparison to those hired for the positions is a legitimate, non-discriminatory reason for the failure to promote. Moy v. Perez, No. 15cv32, 2016 U.S. Dist. LEXIS 129140, at

*9 (S.D.N.Y. Sep. 21, 2016), aff'd, 712 F. App'x 38 (2d Cir. 2017); Tucker v. New York City, 376 F. App'x 100, 102 (2d Cir. 2010) ("There is nothing unlawful about an employer basing its hiring decision on subjective criteria, such as the impression an individual makes during an interview"). The negative impression plaintiff made during his interviews was the legitimate, non-discriminatory reason why he was not promoted. See Defs' 56.1 at ¶¶ 141-181.

### d. Lack of Pretext

Conclusory allegations of discrimination are insufficient to show that Defendants' non-discriminatory reasons are pretext and to avoid summary judgment. Trane v. Northrop Grumman Corp., 94 F. Supp. 3d 367, 375 (E.D.N.Y. 2015), aff'd, 639 F. App'x 50 (2d Cir. 2016), cert. den., 137 S. Ct. 617 (2017). Absent specific evidence of an improper motive, this Court should not second-guess the Defendants' business decisions. Lue v. JPMorgan Chase & Co., No. 16-CV-3207 (AJN), 2018 U.S. Dist. LEXIS 50749, at *23 (S.D.N.Y. Mar. 27, 2018) citing Scaria v. Rubin, 117 F.3d 652, 654-55 (2d Cir. 1997). Plaintiff must produce "not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the employer were false, and that more likely than not discrimination was the real reason for the discharge." Martinez v. Davis Polk & Wardwell LLP, 713 F. App'x 53, 54-55 (2d Cir. 2017) citing Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).

A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (Title VII). Even under the CHRL, "the mere fact that plaintiff may disagree with her employer's actions or think that his behavior was justified does not raise an inference of pretext." Melman v. Montefiore Med. Ctr., 98 A.D.3d 107, 126 (1st

Dep't 2012). "Sharpened and focused" facts showing the real motivation for plaintiff's treatment was race or gender, and not his violations of ACS policy are required to establish pretext. Brown v. City of N.Y., 2011 U.S. Dist. LEXIS 137880, at *33-34 (S.D.N.Y. Nov. 29, 2011), aff'd, 512 F. App'x 29 (2d Cir. 2013).

Regarding plaintiff's failure to promote claim, to prevent summary judgment on the strength of a discrepancy in qualifications ignored, that discrepancy must bear the entire burden of allowing a reasonable trier of fact to not only conclude the Defendants' explanation was pretextual, but that the pretext served to mask unlawful discrimination. In effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question. Moy, 712 F. App'x at 41-42. "Title VII is not an invitation for courts to sit as a super-personnel department that reexamines employers' judgments." Ya-Chen Chen, 805 F.3d at 73.

For the same reasons that Plaintiff herein is unable to establish an inference of discriminatory intent (see Point II (B)(1)(b), supra), he is also unable to carry her burden that Defendants' reasons were pretextual. Lue v. JPMorgan Chase & Co., No. 16-CV-3207 (AJN), 2018 U.S. Dist. LEXIS 50749, at *23-24 (S.D.N.Y. Mar. 27, 2018) (collecting cases).

### 2. No Prima Facie Case Of Retaliation

a. Protected Activities

Plaintiff's alleged protected activities are as follows:

> (1)   On July 5, 2012, Plaintiff filed Charge No. 520-2012-02571 with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("SDHR") alleging he was discriminated and retaliated against by ACS in violation of Title VII

and the Age Discrimination in Employment Act of 1967 ("ADEA"). See Defs' 56.1 at ¶ 35; **Exhibit Q** at Bates Stamp No. 2012EEOC2.[5]

(2)    On September 16, 2014, Plaintiff filed EEOC Charge No. 532-2014-01527 alleging he was discriminated and retaliated against by ACS in violation of Title VII and the ADEA. See Dkt No. 31-2.

### b.  No Adverse Employment Action

"Employee investigations, unwanted scrutiny from supervisors, and negative performance evaluations without attendant negative results or deprivation of position/opportunity, do not sufficiently constitute adverse employment actions." Wright v. Monroe Cmty. Hosp., 2011 U.S. Dist. LEXIS 82809, at *7 (W.D.N.Y. July 28, 2011), aff'd, 493 F. App'x 233 (2d Cir. 2012).   The OEEO investigation into plaintiff that was ultimately unsubstantiated predates his protected activities. See Defs' 56.1 at ¶¶ 13-40.  To the extent plaintiff alleges the length of the OEEO investigation which ended a little over three months following plaintiff's filing of the 2012 EEOC Charge (see id.) is retaliatory, it is not sufficiently adverse.   See Cox v. Onondaga Cty. Sheriff's Dep't, 760 F.3d 139, 146-47 (2d Cir. 2014) ("Moreover, we cannot blind ourselves to the fact that an employer's failure to conduct an investigation when faced even with an internal complaint…might be viewed as evidence of an indifference to…discrimination, if not acquiescence in it.  Indeed, we can say with confidence that the law must give breathing room for such investigations to be carried out").

---

[5] The Charge contains some allegations that are completely time-barred. See **Exhibit Q** at Bates Stamp Nos. 2012EEOC6 – 2012EEOC7 at ¶¶ I, L; 2012EEOC10 at ¶ A; Dkt. No. 57 at 10-13.

In addition plaintiff's EEOC Charge makes references to pattern and practice discrimination. See **Exhibit G** at Bates Stamp Nos. 2012EEOC7 – 2012EEOC9 at ¶¶ M-P.  To the extent that is being alleged herein, courts have found that "several isolated incidents, without more, are insufficient to allege a pattern or practice." Frazier v. Stanley, 2018 U.S. Dist. LEXIS 205362, at *33-34 (S.D.N.Y. Nov. 29, 2018) (collecting cases).

Fact-finding investigations engaged in with good reason that could but do not necessarily lead to disciplinary action like the OEEO investigation into plaintiff (see Defs' 56.1 at ¶¶ 13-40) constitutes trivial harms or "petty and minor annoyances" that would not unduly dissuade a reasonable employee from seeking redress under Title VII. Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568-70 (2d Cir. 2011). In addition, the performance evaluation signed on April 21, 2014 where plaintiff received an overall rating of "Good" is not adverse simply because plaintiff disagrees with it. See Defs' 56.1 at ¶ 41. There is no allegation that negative results or a deprivation of opportunity/position followed the evaluation. Wright v. Monroe Cmty. Hosp., 2011 U.S. Dist. LEXIS 82809, at *7 (W.D.N.Y. July 28, 2011), aff'd, 493 F. App'x 233 (2d Cir. 2012); see Dkt. No.1.

In his second EEOC Charge, plaintiff alleges he was "subject to further harassment" after filing his first EEOC Charge, but offers no specifics. See Dkt. No. 31-2 at 2. Even if true, harassing comments, malicious gossip, and leaking of sensitive information do not constitute a materially adverse employment action. Such allegations do not establish a materially adverse employment action because they do not reasonably dissuade an employee from asserting a discrimination charge. Van Dyke v. Partners of Debevoise & Plimpton LLP, 2013 U.S. Dist. LEXIS 136786, at *8-9 (S.D.N.Y. Sep. 24, 2013). Even under the CHRL, "being yelled at, subjected to the occasional offensive remark and subjected to excessive scrutiny do not constitute actions reasonably likely to deter a person from engaging in protected activity." Chin v. New York City Hous. Auth., 160 A.D.3d 443, 444 (1st Dep't 2013), lv. den., 22 N.Y.3d 861 (2014).

Plaintiff's transfer during the pendency of the OEEO investigation predated plaintiff's protected activities. See Defs' 56.1 at ¶¶ 19-27. Even if actionable, plaintiff's

dissatisfaction with his lateral transfer based on his "subjective view of [his] old position [at Brooklyn FCLS], which he was content with, as compared to [the position with the Legal Compliance Unit] does not sufficiently constitute an adverse employment action. Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev., 974 F. Supp. 2d 240, 259-260 (S.D.N.Y. 2013) (collecting cases), aff'd, 641 F. App'x 60 (2d Cir. 2016).

Moreover, plaintiff received "several" commendations for his work at the Legal Compliance Unit. See Defs' 56.1 at ¶ 27. Therefore, any delay in reassigning plaintiff back to Brooklyn FCLS at the conclusion of the OEEO investigation is not adverse. Joseph v. Thompson, Civil Action No. 95-CV-4898 (DGT)(MDG), 2005 U.S. Dist. LEXIS 39419, at *25 (E.D.N.Y. Mar. 22, 2005) ("A delay in reassignment, followed by a mis-assignment is not an adverse employment action, provided that such a delay does not harm an employee's career"), aff'd sub nom., 465 F.3d 87 (2d Cir. 2006), cert. den., 549 U.S. 1282, 127 S. Ct. 1855 (2007). Lastly, any argument that a delay in reassigning led to undesired work assignments would be unavailing because undesired office assignments are not adverse employment actions. Guity v. Uniondale Union Free Sch. Dist., No. CV 12-1482 (SJF) (AKT), 2014 U.S. Dist. LEXIS 45803, at *62-63 (E.D.N.Y. Feb. 28, 2014) (collecting cases), Adopted by, Objection denied by, Summary judgment granted by, Dismissed by, 2014 U.S. Dist. LEXIS 43992 (E.D.N.Y., Mar. 31, 2014).

Plaintiff alleges that in retaliation for filing his first EEOC Charge, he was denied training. See Dkt. No. 31-2 at 2. However, denial of training is only an adverse employment action if the Defendants denied necessary job training to plaintiff, thereby harming the conditions of his employment. Carpenter v. City of Mount Vernon, No. 15-cv-0661 (NSR), 2018 U.S. Dist. LEXIS 176195, at *16 (S.D.N.Y. Oct. 11, 2018). There is no allegation of such a denial in this

case. See generally Dkt. No. 1. Plaintiff also alleges that she was denied assignments (see Dkt.

No. 31-2 at 2), but offers no evidence that the alleged denial of assignments was adverse in that it

was "more disruptive than a mere inconvenience or an alteration of job responsibilities."

Mitchell v. SUNY Upstate Med. Univ., 243 F. Supp. 3d 255, 277 (N.D.N.Y. 2017), aff'd, 723 F.

App'x 62 (2d Cir. 2018). Lastly, plaintiff alleges he was excluded from work related functions.

See Dkt. No. 31-2 at 2. By itself, that exclusion is not an adverse employment action. Mabry v.

Neighborhood Def. Serv., 769 F. Supp. 2d 381, 399 (S.D.N.Y. 2011) (collecting cases) ("While

plaintiff may be subjectively unhappy with his exclusion from management meetings, the failure

to invite plaintiff to management meetings does not rise to the level of a material adverse action

such that a reasonable employee in the plaintiff's position would be dissuaded from making or

supporting a charge of discrimination. Moreover, the plaintiff has not alleged any facts to

suggest that plaintiff's exclusion from management meetings prohibits plaintiff from receiving

critical training in his field necessary for his advancement").

### c.  Lack of Causation

Plaintiff may establish the causal connection between protected expression and

adverse employment action indirectly by showing that the protected activity was followed by

adverse employment, or directly by evidence of animus. Kwan v. Andalex Grp., LLC., 737 F.3d

834, 845 (2d Cir. 2013) (Title VII); Melman, 98 A.D.3d at 129 (CHRL); Johnson, 2018 U.S.

App. LEXIS 25391, at *10-11 (2d Cir. Sep. 7, 2018) (§ 1983).

The United States Court of Appeals for the Second Circuit has cited with approval

district court decisions finding that "[t]he passage of even two or three months is sufficient to

negate any inference of causation when no other basis to infer retaliation is alleged." Brown v.

City of New York, 622 Fed. Appx. 19, 20 (2d Cir. 2015). The alleged protected activity must

20

predate evidence of the alleged retaliatory animus. Vecchione v. Dep't of Educ., 2014 U.S. Dist. LEXIS 69708, at *12 (S.D.N.Y. May 16, 2014) citing Nakis v. Potter, 422 F. Supp. 2d 398, 422-23 (S.D.N.Y. 2006). Therefore, the OEEO investigation into plaintiff, his transfer during its pendency, the alleged failure to promote plaintiff to Attorney Level IV (see Defs' 56.1 at ¶¶ 13-40, 141-149) are not retaliatory because those actions predate his first EEOC Charge. See **Exhibit Q**. In addition, plaintiff's 60-day suspension following Charges and Specifications predates plaintiff's second EEOC Charge (see Defs' 56.1 at ¶¶ 42-86; Dkt. No. 31-2) and is not actionable. Similarly, the alleged failure to hire plaintiff for the FCLS Legal Support and Training Unit, the failure to promote plaintiff to Agency Attorney Level IV in 2013, and the failure to promote plaintiff to Assistant Supervising Attorney predate his second EEOC Charge (see Defs' 56.1 at ¶¶ 150-154 and 169-181; Dkt. No. 31-2), and cannot be deemed retaliatory in response to the second EEOC Charge. See Vecchione, 2014 U.S. LEXIS 69708, at *12. Causation cannot be inferred either because the Charges and Specifications that resulted to the 60-day suspension were served almost two years after plaintiff's first EEOC Charge. See Defs' 56.1 at ¶¶ 42-86 and **Exhibit Q**; see also Brown, 622 Fed. Appx. at 20.

### d.  Defendants' Non-Retaliatory Reasons

Employee insubordination and other conduct that is disruptive to the workplace are legitimate, non-retaliatory reasons for adverse employment action(s), more specifically, the OEEO investigation and plaintiff's Charges and Specifications resulting in a 60-day suspension (see Defs' 56.1 at ¶¶ 13-86). Serrano v. N.Y. State Dep't of Envtl. Conservation, No. 12-CV-1592 (MAD/CFH), 2017 U.S. Dist. LEXIS 47527, at *21-23 (N.D.N.Y. Mar. 30, 2017), aff'd, 714 F. App'x 90 (2d Cir. 2018); Bendeck v. NYU Hosps. Ctr., 77 A.D.3d 552, 554, 909 N.Y.S.2d 439, 441-42 (1st Dep't 2010) (granted summary judgment in favor of employer which

"provided substantial and significant reasons to terminate plaintiff's employment…including poor work performance") (CHRL). "[A]n employer does not violate Title VII when it takes adverse employment action against an employee to preserve a workplace environment that is governed by rules, subject to a chain of command, free of commotion, and conducive to the work of the enterprise." Id. at 21; Martinez v. Connecticut State Lib., 817 F. Supp. 2d 28, 47 (D. Conn. 2011) (assertion that "decision to discipline [plaintiff] was the result [of] a formal investigation which concluded that [plaintiff] had engaged in conduct that violated" a workplace policy satisfied the defendant's burden to proffer a legitimate, non-retaliatory reason).

### e.  Lack of Evidence of Pretext

Even if plaintiff could show temporal proximity between his protected activities and the alleged adverse employment actions, temporal proximity without more, is insufficient to rebut Defendants' legitimate explanation for the adverse employment actions. Figueroa v. Johnson, 648 Fed. Appx. 130, 134 (2d Cir. 2016); EEOC v. Bloomberg L.P., 967 F. Supp. 2d 816, 900 (S.D.N.Y. 2013) ("dismissing CHRL claim and holding the temporal proximity alone did not rebut defendant's non-discriminatory reason supported by 'clear evidence that [plaintiff's] performance continued to decline'").

With regard to the Charges and Specifications, and plaintiff's attempts to be promoted (see Defs' 56.1 at ¶¶ 42-86 and 141-181), plaintiff cannot merely allege in a conclusory fashion that the adverse employment actions occurred because of his protected activities where the Defendants' reasons were contemporaneously documented (see Defs' 56.1 at ¶¶ 42-86 and 141-181). Malacarne v. City Univ. of New York, 289 F. App'x 446, 448 (2d Cir. 2008) ("In light of the multiple, contemporaneously documented, and non-discriminatory reasons

for her negative evaluation, plaintiff's mere allegation that her complaint about sex discrimination [motivated her negative performance evaluation] is unavailing").

Only where Defendants' business decisions are so implausible as to call into question their genuineness should this Court conclude that a reasonable trier of fact could find that it is pretextual." Fleming v. MaxMara USA, Inc., 371 F. App'x 115, 118 (2d Cir. 2010); see Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439, 454 (S.D.N.Y. 2013), aff'd sub nom., 588 F. App'x 15 (2d Cir. 2014); see also Moore v. Kingsbrook Jewish Med. Ctr., No. 11-CV-3625, 2013 U.S. Dist. LEXIS 107111, 2013 WL 3968748, at *13 (E.D.N.Y. July 30, 2013) ("[T]he fact that an employee 'disagrees with an employer's evaluation of that employee's misconduct or deficient performance, or even has evidence that the decision was objectively incorrect, does not necessarily demonstrate, by itself, that the employer's proffered reasons are a pretext for termination'"); Breitstein v. Michael C. Fina Co., 2016 NY Slip Op 31858[U], *25-26 (Sup. Ct., N.Y. Co. 2016) ("The mere fact that [plaintiff] may disagree with his employer's actions or think that his behavior was justified does not raise an inference of pretext) (CHRL), aff'd, 156 A.D.3d 536 (1st Dep't 2017).

Lastly, plaintiff may not rebut Defendants' legitimate, non-retaliatory reasons by relying on conclusory arguments about ACS' "culture." Hudson v. Merrill Lynch & Co., Inc., 2014 NY Slip Op 31048(U), ¶ 17 (Sup. Ct. N.Y. Co. 2014), aff'd, 138 A.D.3d 511 31 N.Y.S.3d 3 (1st Dep't 2016), lv. den., 28 N.Y.3d 902 (2016) ("It is well-settled that any evidence of corporate culture from statements made by or conduct of management is generally found to have probative value toward establishing a prima facie case yet such evidence is insufficient to prove that the employer's performance-based explanations...were pretextual") (CHRL).

For the same reasons that plaintiff is unable to establish causation, he is also unable to carry his burden that Defendants' non-retaliatory reasons were in fact, pretextual. See Point II (B)(2)(c), *supra*.

### 3. No Evidence Of Individual Liability Under § 1983

Defendants Joseph Cardieri ("Cardieri"), Ian Sangenito ("Sangenito"), Alan Sputz ("Sputz"), and Susan Starker ("Starker") had no personal involvement in the OEEO investigation into plaintiff. See Defs' 56.1 at ¶¶ 13-40.  In addition, Defendants Cardieri, Sangenito, Sputz, and Starker had no personal involvement in the decision not to promote plaintiff. See Defs' 56.1 at ¶¶ 141-181.  Lastly, Defendants Paul Savarese ("Savarese"), and Monn had no personal involvement in the Charges and Specifications that resulted in plaintiff's 60-day suspension. See Defs' 56.1 at ¶¶ 42-86; see also Littlejohn, 795 F.3d at 314.

Assuming the individual defendants had sufficient personal involvement in the alleged adverse employment actions, for the reasons set forth in Point II (B), *supra*, they cannot be held liable under § 1983 as individuals, and are entitled to summary judgment on that claim. Back, 365 F.3d at 127 (affirming summary judgment dismissing § 1983 against defendant superintendent who recommended to the Board of Ed. that plaintiff be denied tenure; although he investigated plaintiff's claims of gender discrimination and found them meritless, there was "no indication that…his investigation [was] undertaken with a jaundiced eye); Lange v. Town of Monroe, 213 F. Supp. 2d 411, 424 (S.D.N.Y. 2002) ("Although the Board members may have been influenced by their personal and political connections to [defendant], this is insufficient to establish a constitutional violation where there is no basis from which to infer that the Board's conduct was directed against [plaintiff] on the basis of gender").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

Defendants' Motion for Summary Judgment and dismiss the Complaint in its entirety, with

prejudice, and award Defendants such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            December 10, 2018

                                    **ZACHARY W. CARTER**
                                    Corporation Counsel of the
                                       City of New York
                                    Attorney for the Defendants
                                    100 Church Street, Room 2-140
                                    New York, New York 10007
                                    T:  (212) 356-4083
                                    emurrell@law.nyc.gov

                        By:                    /s/
                                    _____
                                           Eric Murrell
                                    Assistant Corporation Counsel

Eric Murrell,
   Of Counsel.

25